IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>ST. PAUL FIRE & MARINE,<br><br>    Defendant.<br>_____/ | No. C 04-04082 SI<br><br>**ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION UNDER FRCP 56(f) FOR AN ORDER CONTINUING ATMEL'S PARTIAL SUMMARY JUDGMENT MOTION** |

    Defendant St. Paul requests that the Court grant a continuance of plaintiff Atmel's motion for partial summary judgment. Having considered the papers submitted by counsel, the Court hereby GRANTS plaintiff's application for continuance under Rule 56(f) for the reasons set forth below.

**BACKGROUND**

    Atmel, a computer chip manufacturer, seeks to recover from St. Paul defense fees and costs it incurred in connection with a third-part suit filed by one of Atmel's customers for damages allegedly arising from defective chips. Atmel tendered defense of the action to both St. Paul and Royal, each of which had a separate insurance policy covering Atmel. After allegedly discovering previously undisclosed but requested information about events precipitating the third-party suit, St. Paul rescinded Atmel's insurance. Royal did provide Atmel with a defense under California Civil Code § 2860.

    On June 3, 2005, Atmel filed a motion for partial summary judgment seeking to establish, among other things, that St. Paul breached its duty to defend Atmel in the third-party suit. St. Paul claims that it cannot adequately prepare its opposition to the partial summary judgment motion without certain requested discovery, which is also the subject of various pending motions to compel that are set for argument on July 1, 2005. Since

its opposition is due shortly after July 1, St. Paul essentially seeks more time to prepare its opposition in light of the outcome of the pending motions to compel. St. Paul now brings this *ex parte* application under Federal Rule of Civil Procedure 56(f) to continue Atmel's summary judgment motion, or, in the alternative, to shorten the time for hearing on application for continuance.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(f), upon a showing by the party opposing a motion for summary judgment that it "cannot for reasons stated present by affidavit facts essential to justify the party's opposition," the court may deny or continue the motion for summary judgment in order to permit that party an opportunity to obtain necessary discovery. "Ordinarily, summary judgment should not be granted when there are relevant facts remaining to be discovered, but the party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." Cont'l Mar. v. Pac. Coast Metal Trades, 817 F.2d 1391, 1395 (9th Cir. 1987).

A Rule 56(f) motion should be granted where the party opposing summary judgment makes a timely application that specifically identifies relevant information to be discovered, and there is some basis for believing that such information actually exists. Visa Int'l Serv. Ass'n v. Bankcard Holders, 784 F.2d 1472, 1475 (9th Cir. 1986). Granting of such a motion is particularly appropriate where the identified information is the subject of outstanding discovery requests. Id.

## DISCUSSION

St. Paul argues that Atmel's motion for partial summary judgment should not be decided until St. Paul is given "the opportunity to avail itself of the proper discovery tools to obtain the evidence needed to effectively oppose Atmel's motion." Mot. at 8. St. Paul contends that "if Royal met its [defense] obligations to Atmel under Civil Code § 2860, Atmel suffered no legal damage as a result of St. Paul not participating in Atmel's defense." Id. St. Paul states that it expects the responsive documents to show (1) the terms of the defense agreed to by Royal, (2) Atmel's submission of defense invoices to Royal for payment, (3) Royal's payment of the defense invoices in accordance with its obligations under § 2860, and (4) communications between Royal

2

and Atmel regarding disputed amounts.

Atmel claims that it received only a "partial" defense from Royal and that it is entitled to recover from St. Paul the remainder of defense fees and expenses it incurred. Atmel contends that, notwithstanding its allegations of recision, St. Paul owed a duty to defend and, since it did not participate in Atmel's defense, it breached that duty.

As noted in St. Paul's brief, under California law, damage to plaintiff is an essential element of a breach of contract claim.[1] Therefore, Atmel bears the burden of showing that it suffered damage as a result of St. Paul's non-participation in Atmel's defense, whether by using the withheld documents sought by St. Paul or by some other evidence. The withheld documents may possibly establish this essential element of a breach of duty cause of action, or may, as St. Paul suspects will be the case, provide a basis for defending against plaintiff's partial summary judgment motion.

Atmel is correct in noting that, under Rule 56(c), liability may be adjudicated apart from damages; however, it fails to recognize the distinction between damages as an essential element of a cause of action and the monetary amount of damages suffered as a result of a breach. Whereas the latter may be adjudicated separately after a breach is established, see Fed.R.Civ.P. 56(d), the former is part of the breach allegation itself. See Reichert, 68 Cal. 2d at 830. Therefore, it is immaterial that Atmel does not seek an adjudication of the amount of damages at this time.

Atmel argues that "[t]he duty to defend arises when the complaint against the insured raises *any* potential for covered damages under the policy," and that this duty "is judged by the complaint and facts known to the carrier at the time the complaint is tendered to it." Opp'n at 3 (citing Horace Mann Ins. Co. V. Barbara B., 4 Cal. 4th 1076, 1081 (1993); Gray v. Zurich Ins. Co., 65 Cal. 2d 263, 265 (1966)). The authority cited by Atmel is distinguishable from the case at hand. In Horace, the insured submitted an amended complaint alleging acts that arguably fell within the scope of the insurance policy that excluded acts alleged in the original complaint. Horace, 4 Cal. 4th at 1080. The court found that summary judgment was improper where, at the time of the summary adjudication proceedings, there were unresolved factual disputes about the potential for

---

[1] Under California law, the essential elements for a breach of contract claim are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. Reichert v. General Ins. Co., 68 Cal. 2d 822, 830 (1968).

3

liability under the policy *vis a vis* the amended complaint. Id. at 1083. In Gray, the court found a duty to defend because the ambiguous language of the insurance policy would reasonably have led the insured to expect defense of the third party suit. Gray, 65 Cal. 2d at 275. There, the insured was unsuccessful in defending the third party suit and suffered a judgment of $6,000 actual damages. Id. at 267.

Here, Atmel has not met its burden of showing actual damages necessary to sustain a breach of contract cause of action. Moreover, there appears to be some dispute over whether St. Paul's rescission was justified under the terms of the policy, which is to say that the court's decision in Horace may actually support the proposition that a continuance on the partial summary judgment motion is proper given this unresolved factual dispute.

Accordingly, the Court finds that St. Paul has met the requirements of Rule 56(f) in seeking a continuance of Atmel's partial summary judgment motion.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS St. Paul's Rule 56(f) motion to continue Atmel's motion for partial summary judgment **until August 19, 2005 at 9:00 a.m.** [Docket #98]

**IT IS SO ORDERED.**

Dated: June 23, 2005                           S/Susan Illston
                                               SUSAN ILLSTON
                                               United States District Judge

4