IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ATMEL CORPORATION,

        Plaintiff,

  v.

ST. PAUL FIRE & MARINE,

        Defendant.

_____/

AND RELATED COUNTERCLAIMS.

_____/

No. C 04-04082 SI

**ORDER RE: ST. PAUL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

By letter briefs,[1] the parties bring before the Court a dispute involving production of documents pursuant to St. Paul's first request for production of documents. St. Paul asks that the Court order Atmel to comply with the request and produce all relevant documents. The Court will address each argument in turn.

**1.    Requests Nos. 1-13**

These requests involve complaints, issues or concerns about Atmel's allegedly defective chips. Atmel argues that the documents in the Seagate litigation are sufficient to comply with St. Paul's request, because Atmel's knowledge was at issue in that case as well. The Court disagrees. The Court finds that Atmel must produce documents related to problems with the 1, 2 and 4 megabit chips[2] from any customer that involve the

---

[1] St. Paul filed its letter on June 3, 2005. Atmel filed a response on June 10, 2005. St. Paul replied on June 15, 2005.

[2] These were the three chips sold to Seagate. Given that Atmel has over 200 products that utilize the mold compound at issue in this case, the Court finds it appropriate to limit the production of documents to the three products at issue in <u>Seagate</u>.

mold compound at issue in this case. Atmel's concerns about the confidentiality of its customer lists are addressed by the protective order. Based on the discussion above, the Court ORDERS Atmel to produce all relevant documents created on or before July 31, 2003.

**2.      Requests Nos. 14-15**

These requests seek minutes of meetings of Atmel's Board of Directors and Atmel's communications with its outside auditors concerning the allegedly defective Atmel chips. Atmel has agreed to produce the documents created before July 31, 2002, which is the date the underlying Seagate litigation was filed. The Court finds that documents created after July 31, 2002 should be produced, as they could contain information about events before January 1, 2002. Therefore, the Court ORDERS Atmel to comply with St. Paul's request.

**3.      Request No. 21**

This request relates to the four claims identified by Atmel in its application for insurance with St. Paul. The parties appear to have resolved this dispute; therefore, the Court will not reach a determination on this issue.

**4.      Requests Nos. 26-29**

The parties also appear to have resolved this dispute; therefore, the Court will not reach a determination on this issue.

**5.      Request Nos. 33-34**

In these requests, St. Paul seeks "all documents relating to Atmel's external procedures, policies, guidelines, suggestions, or recommendations for handling customer complaints or issues regarding an Atmel product" and "all documents relating to Atmel's internal procedures, policies, guidelines, suggestions, or recommendations for internal reporting and notification of customer complaints or issues regarding an Atmel product." In its reply, St. Paul contends that these requests are limited to the relevant "division or subsidiary of Atmel that manufactured the Seagate chips." However, the Court cannot find that limitation in the request.

Therefore, the Court DENIES St. Paul's request, as Atmel has agree to produce the guidelines relevant to Seagate.

**IT IS SO ORDERED.**

Dated: 8/31/05

_____
SUSAN ILLSTON
United States District Judge

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   ATMEL CORPORATION,                    No. C 04-04082 SI

9              Plaintiff,               **ORDER RE: ST. PAUL'S FIRST**
                                        **REQUEST FOR PRODUCTION OF**
10     v.                               **DOCUMENTS**

11  ST. PAUL FIRE & MARINE,

12             Defendant.
    _____/
13
    AND RELATED COUNTERCLAIMS.
14  _____/

15          By letter briefs,[1] the parties bring before the Court a dispute involving production of documents

16  pursuant to St. Paul's first request for production of documents.  St. Paul asks that the Court order Atmel to

17  comply with the request and produce all relevant documents.  The Court will address each argument in turn.

18

19  **1.      Requests Nos. 1-13**

20          These requests involve complaints, issues or concerns about Atmel's allegedly defective chips.  Atmel

21  argues that the documents in the Seagate litigation are sufficient to comply with St. Paul's request, because

22  Atmel's knowledge was at issue in that case as well.  The Court disagrees.  The Court finds that Atmel must

23  produce documents related to problems with the 1, 2 and 4 megabit chips[2] from any customer that involve the

24

25  _____

26          [1] St. Paul filed its letter on June 3, 2005.  Atmel filed a response on June 10, 2005.  St. Paul replied
    on June 15, 2005.

27          [2] These were the three chips sold to Seagate.  Given that Atmel has over 200 products that utilize the
    mold compound at issue in this case, the Court finds it appropriate to limit the production of documents to the
28  three products at issue in <u>Seagate</u>.

mold compound at issue in this case.  Atmel's concerns about the confidentiality of its customer lists are addressed by the protective order. Based on the discussion above, the Court ORDERS Atmel to produce all relevant documents created on or before July 31, 2003.

**2.      Requests Nos. 14-15**

These requests seek minutes of meetings of Atmel's Board of Directors and Atmel's communications with its outside auditors concerning the allegedly defective Atmel chips.  Atmel has agreed to produce the documents created before July 31, 2002, which is the date the underlying Seagate litigation was filed.  The Court finds that documents created after July 31, 2002 should be produced, as they could contain information about events before January 1, 2002.  Therefore, the Court ORDERS Atmel to comply with St. Paul's request.

**3.      Request No. 21**

This request relates to the four claims identified by Atmel in its application for insurance with St. Paul. The parties appear to have resolved this dispute; therefore, the Court will not reach a determination on this issue.

**4.      Requests Nos. 26-29**

The parties also appear to have resolved this dispute; therefore, the Court will not reach a determination on this issue.

**5.      Request Nos. 33-34**

In these requests, St. Paul seeks "all documents relating to Atmel's external procedures, policies, guidelines, suggestions, or recommendations for handling customer complaints or issues regarding an Atmel product" and "all documents relating to Atmel's internal procedures, policies, guidelines, suggestions, or recommendations for internal reporting and notification of customer complaints or issues regarding an Atmel product."  In its reply, St. Paul contends that these requests are limited to the relevant "division or subsidiary of Atmel that manufactured the Seagate chips."  However, the Court cannot find that limitation in the request.

2

Therefore, the Court DENIES St. Paul's request, as Atmel has agree to produce the guidelines relevant to Seagate.

**IT IS SO ORDERED.**

Dated: 8/31/05

_____
SUSAN ILLSTON
United States District Judge