IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ATMEL CORPORATION,

    Plaintiff,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

    Defendant.

No. C 04-4082 SI

**ORDER RE: ABD DOCUMENTS**

By letter briefs,[1] the parties bring before the Court a dispute regarding the production of third-party documents that Atmel claims are protected under the attorney-client privilege and work product doctrine. This issue was previously raised by defendant's motion to compel and the Court held a hearing on that motion on July 1, 2005. The Court ordered the parties to meet and confer, in order to allow Atmel to produce additional information about its privilege claim.[2] After the meet-and-confer, St. Paul has renewed its request to compel production of documents through this letter brief.

At issue in this motion are approximately 80 documents in ABD's possession that Atmel has asked ABD to withhold on the grounds of the attorney-client and work product privilege. St. Paul claims that Atmel waived any privilege when these documents were provided to ABD, its insurance broker.

Disclosure of an attorney-client communication to a third party does not automatically waive privilege. Instead, the privilege remains intact if disclosure occurs to "no third persons other than those who are present

---

[1] Defendant filed its motion on August 1, 2005. Atmel responded on August 8, 2005. Defendant replied on August 9, 2005.

[2] Therefore, the Court DENIES without prejudice St. Paul's pending motion to compel against ABD, AIG, and Royal Indemnity Company, which the Court has already heard argument on. Instead, it may raise any requests to compel through letter briefs, as it has already done.

to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information . . . ." Cal. Evid. Code § 952. St. Paul argues that ABD, as an independent insurance broker, does not satisfy the requirements of § 952. In support, St. Paul cites <u>McKesson HBOC, Inc v. Superior Court</u>, 115 Cal.App.4th 1229, 1236 (2004). However, in <u>McKesson</u>, the company provided the document in question to the SEC and the U.S. Attorney for use in their investigations. This is clearly not the situation in this case, as ABD represented Atmel in communications with insurance carriers.

St. Paul argues that insurance brokers are independent contractors, relying on <u>Rios v. Scottsdale Ins. Co.</u>, 119 Cal.App.4th 1020, 1026 (2004). St. Paul misstates the case law, asserting that brokers "do not act as a general agent for either insurer or insured." Mot. at 6. However, the court in <u>Scottsdale</u> clearly states that "[the broker] was an agent for the insured and not an agent of the insurer." <u>Id.</u> at 1026.

Atmel asserts that ABD negotiated insurance policies with Royal, AIG and St. Paul on its behalf. After the policies were purchased, ABD served as a "necessary advisor for both general coverage questions and regarding specific claims tendered to carriers." Therefore, ABD served as a conduit of information between Atmel and the insurers. Atmel and ABD worked together to provide relevant information about litigation or claims to the insurers. Atmel contends that ABD's expertise was necessary to understand general liability, coverage and litigation issues.

Given the relationship between ABD and Atmel, the attorney client privilege was not waived because ABD was present to further Atmel's interests and disclosure to ABD was reasonably necessary to provide information to the insurers. The factual situation here is similar to that in <u>Royal Surplus Lines Ins. Co v. Sofamor Danek Group, Inc.</u>, 190 F.R.D. 463, 471 (W.D. Tenn. 1999), which upheld the attorney-client privilege. Section 952 clearly recognizes a third-party exception, and this exception includes "business associates," along the lines of Atmel and ABD's relationship. <u>See</u> <u>Insurance Co. of North America v. Superior Court</u>, 108 Cal.App.3d 758, 771 (1980).[3]

Therefore, the Court finds that communications between ABD and Atmel are entitled to protection

---

[3] St. Paul cites <u>SR International Business Ins. Co., Ltd v. World Trade Center Properties LLC</u>, 2002 WL 1334821 (S.D.N.Y. 2002). That case did not describe the relationship between the insurance broker and the insured, and did not discuss the necessity of the communications or of the broker's involvement, as is required under California law. Further, the case involved deposition preparation of the broker's employees by counsel for the insured, which has not occurred in this case.

2

1  under the attorney-client privilege under § 952 because ABD was present to further the interests of Atmel and the disclosure was reasonably necessary for the transfer of necessary information to the insurers.

St. Paul also contends that Atmel is not entitled to the work product privilege. St. Paul asserts that the documents were not prepared in anticipation of litigation or trial, but instead contain communications about facts relating to Atmel's various insurance providers. St. Paul provides a lengthy discussion of <u>National Congress for Puerto Rican Rights v. City of New York</u>, 194 F.R.D. 105 (S.D.N.Y. 2000). That case involved the disclosure of statistical analyses of personnel information and arrests by police officers prepared for a public hearing. <u>Id.</u> at 109. It is unclear to the Court the relationship between <u>City of New York</u> and the current case. The current case does not involve a lengthy fact-based analysis prepared for public dissemination. Nor can St. Paul claim that it has no other source to obtain this information. St. Paul has received massive amounts of discovery in this case from a wide variety of sources, and only 80 documents are at issue here. Therefore, Atmel is entitled to withhold documents that contain the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3).

Although Atmel has properly asserted the attorney-client and work product privilege for many of the documents in its privilege log, Atmel also asserts privilege for communications between non-attorneys. <u>See</u> Ex. A, entries 19, 70, 76-85. It is unclear to the Court how these communications can be privileged; therefore, the parties are instructed to meet an confer on this issue, taking into consideration this Order.

**IT IS SO ORDERED.**

Dated: August 31, 2005

SUSAN ILLSTON
United States District Judge



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ATMEL CORPORATION,	No. C 04-4082 SI

    Plaintiff,	**ORDER RE: ABD DOCUMENTS**

  v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

    Defendant.

    By letter briefs,[1] the parties bring before the Court a dispute regarding the production of third-party documents that Atmel claims are protected under the attorney-client privilege and work product doctrine. This issue was previously raised by defendant's motion to compel and the Court held a hearing on that motion on July 1, 2005. The Court ordered the parties to meet and confer, in order to allow Atmel to produce additional information about its privilege claim.[2] After the meet-and-confer, St. Paul has renewed its request to compel production of documents through this letter brief.

    At issue in this motion are approximately 80 documents in ABD's possession that Atmel has asked ABD to withhold on the grounds of the attorney-client and work product privilege. St. Paul claims that Atmel waived any privilege when these documents were provided to ABD, its insurance broker.

    Disclosure of an attorney-client communication to a third party does not automatically waive privilege. Instead, the privilege remains intact if disclosure occurs to "no third persons other than those who are present

---

[1] Defendant filed its motion on August 1, 2005. Atmel responded on August 8, 2005. Defendant replied on August 9, 2005.

[2] Therefore, the Court DENIES without prejudice St. Paul's pending motion to compel against ABD, AIG, and Royal Indemnity Company, which the Court has already heard argument on. Instead, it may raise any requests to compel through letter briefs, as it has already done.

to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information . . . ." Cal. Evid. Code § 952. St. Paul argues that ABD, as an independent insurance broker, does not satisfy the requirements of § 952. In support, St. Paul cites <u>McKesson HBOC, Inc v. Superior Court</u>, 115 Cal.App.4th 1229, 1236 (2004). However, in <u>McKesson</u>, the company provided the document in question to the SEC and the U.S. Attorney for use in their investigations. This is clearly not the situation in this case, as ABD represented Atmel in communications with insurance carriers.

St. Paul argues that insurance brokers are independent contractors, relying on <u>Rios v. Scottsdale Ins. Co.</u>, 119 Cal.App.4th 1020, 1026 (2004). St. Paul misstates the case law, asserting that brokers "do not act as a general agent for either insurer or insured." Mot. at 6. However, the court in <u>Scottsdale</u> clearly states that "[the broker] was an agent for the insured and not an agent of the insurer." <u>Id.</u> at 1026.

Atmel asserts that ABD negotiated insurance policies with Royal, AIG and St. Paul on its behalf. After the policies were purchased, ABD served as a "necessary advisor for both general coverage questions and regarding specific claims tendered to carriers." Therefore, ABD served as a conduit of information between Atmel and the insurers. Atmel and ABD worked together to provide relevant information about litigation or claims to the insurers. Atmel contends that ABD's expertise was necessary to understand general liability, coverage and litigation issues.

Given the relationship between ABD and Atmel, the attorney client privilege was not waived because ABD was present to further Atmel's interests and disclosure to ABD was reasonably necessary to provide information to the insurers. The factual situation here is similar to that in <u>Royal Surplus Lines Ins. Co v. Sofamor Danek Group, Inc.</u>, 190 F.R.D. 463, 471 (W.D. Tenn. 1999), which upheld the attorney-client privilege. Section 952 clearly recognizes a third-party exception, and this exception includes "business associates," along the lines of Atmel and ABD's relationship. <u>See</u> <u>Insurance Co. of North America v. Superior Court</u>, 108 Cal.App.3d 758, 771 (1980).[3]

Therefore, the Court finds that communications between ABD and Atmel are entitled to protection

---

[3] St. Paul cites <u>SR International Business Ins. Co., Ltd v. World Trade Center Properties LLC</u>, 2002 WL 1334821 (S.D.N.Y. 2002). That case did not describe the relationship between the insurance broker and the insured, and did not discuss the necessity of the communications or of the broker's involvement, as is required under California law. Further, the case involved deposition preparation of the broker's employees by counsel for the insured, which has not occurred in this case.

2

under the attorney-client privilege under § 952 because ABD was present to further the interests of Atmel and the disclosure was reasonably necessary for the transfer of necessary information to the insurers.

St. Paul also contends that Atmel is not entitled to the work product privilege. St. Paul asserts that the documents were not prepared in anticipation of litigation or trial, but instead contain communications about facts relating to Atmel's various insurance providers. St. Paul provides a lengthy discussion of National Congress for Puerto Rican Rights v. City of New York, 194 F.R.D. 105 (S.D.N.Y. 2000). That case involved the disclosure of statistical analyses of personnel information and arrests by police officers prepared for a public hearing. Id. at 109. It is unclear to the Court the relationship between City of New York and the current case. The current case does not involve a lengthy fact-based analysis prepared for public dissemination. Nor can St. Paul claim that it has no other source to obtain this information. St. Paul has received massive amounts of discovery in this case from a wide variety of sources, and only 80 documents are at issue here. Therefore, Atmel is entitled to withhold documents that contain the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3).

Although Atmel has properly asserted the attorney-client and work product privilege for many of the documents in its privilege log, Atmel also asserts privilege for communications between non-attorneys. See Ex. A, entries 19, 70, 76-85. It is unclear to the Court how these communications can be privileged; therefore, the parties are instructed to meet an confer on this issue, taking into consideration this Order.

**IT IS SO ORDERED.**

Dated: August 31, 2005

SUSAN ILLSTON
United States District Judge



3