IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION, | No. C 04-04082 SI |
| Plaintiff, | **ORDER GRANTING ST. PAUL'S MOTION TO COMPEL FURTHER DEPOSITION AND ISSUING PROTECTIVE ORDER** |
| v. | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, | |
| Defendant. | |
| _____/ | |

On October 13, 2005, defendant St. Paul Fire & Marine Insurance Company ("St. Paul") filed an "Objection" to Judge Zimmerman's second discovery order. On October 20, 2005, Atmel filed a response, and on October 21, 2004, St. Paul filed a reply.[1]

St. Paul seeks to depose John Bryant, Atmel's Vice President, regarding his knowledge of customer or end user claims, concerns, incidents or inquiries about Atmel's use of the red phosphorous mold compound in products other than the 1, 2 or 4 megabit chips. St. Paul also wishes to depose other Atmel witnesses regarding the same subject. Based upon this Court's August 31, 2005 Order, Atmel's counsel instructed Mr. Bryant not to answer questions about customer complaints involving products (aside from the 1, 2 or 4 megabit chips) containing the mold compound for the time period January 1, 2002 through July 31, 2003. The parties dispute whether the Court's August 31, 2005 order, which limited document discovery for that same time period to the 1, 2 or 4 megabit chips, was based on relevance or burden.

In its October 20, 2005 letter brief, Atmel informs the Court that the parties have been operating under a compromise by which Atmel has allowed questions regarding *any* product made with the mold compound

---

[1] These letter briefs are found at Docket Nos. 258, 268, and 271.

for a four month time period prior to December 31, 2001. Atmel states that "Atmel's witnesses have been testifying regarding any customer of any Atmel chip (whether or not the same type sold to Seagate) who had red phosphorous-related problems or issues prior to December 31, 2001 - the only time period relevant to St. Paul's rescission counterclaims."

St. Paul responds that Atmel's knowledge of complaints and concerns during the period after December 31, 2001 is relevant because St. Paul renewed the Atmel policy through January 1, 2004. The Court agrees that Atmel's knowledge of complaints and concerns after December 31, 2001 regarding products made with the mold compound is potentially relevant because St. Paul renewed the policy in December 2002, and St. Paul seeks rescission of the renewed policy (Counterclaim ¶¶ 6-29). The Court's August 31, 2005 order, which limited document discovery to documents relating to the 1, 2 and 4 megabit chips, was premised on burden, not relevance. Because the concerns about burden are not implicated in the same way with respect to depositions, the Court hereby GRANTS St. Paul's motion to compel further deposition testimony from Mr. Bryant and to allow St. Paul to ask other deponents similar questions.[2]

Atmel also contends that allowing St. Paul to question witnesses regarding customer complaints and concerns poses a significant risk of harm to Atmel's business relationships as well as the risk of additional litigation to Atmel and its customers. The parties dispute whether the current protective order would adequately protect against these risks. Atmel has provided the Court with a copy of the protective order issued by the state court in the *Seagate* Action. In that order, the court allowed Seagate to conduct discovery regarding customer complaints, but found that Seagate had not demonstrated that the particular customer names were relevant. The court ordered that "[w]here examination calls for customer names, customers are to be identified by a code letter or number and a record of those codes will be maintained so that the appropriate customers' names can be promptly supplied, should a subsequent order require that." Discovery Order No. 15 in *Seagate* Action, Exh. B to Ancar Decl.

The Court concludes that a similar protective order should govern St. Paul's discovery of customer

---

[2] Atmel states in its opposition that St. Paul has announced that should it prevail on the instant motion, it intends to seek reconsideration of the Court's August 31, 2005 order so that it may seek document discovery regarding complaints about chips other than the 1, 2 or 4 megabit chips. The Court is not inclined to reconsider the August 31, 2005 order in that respect because the Court finds that such document discovery would be unduly burdensome.

complaints.  As discussed above, what is relevant is Atmel's knowledge of complaints, questions or inquiries regarding products made with the mold compound.  St. Paul has not contended that the identity of the complainants is relevant, and the Court cannot, based upon the record presented, discern any reason why the complainants' identities would be relevant to this litigation.  Accordingly, in the continued deposition of John Bryant, and any other Atmel witness to whom this order pertains, customers are to be identified by a code letter or number and a record of those codes will be maintained so that the appropriate customers' names can be promptly supplied, should that be required by a subsequent order.

For the foregoing reasons, the Court hereby GRANTS St. Paul's motion to compel further deposition testimony, and ENTERS a protective order.

**IT IS SO ORDERED.**

Dated: October _25___, 2005

SUSAN ILLSTON
United States District Judge