IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION, | No. C 04-04082 SI |
| Plaintiff, | **ORDER DENYING ST. PAUL'S OBJECTION TO THIRD DISCOVERY ORDER** |
| v. | |
| ST. PAUL FIRE & MARINE INSURANCE CO., | |
| Defendant. | |

On October 28, 2005, defendant St. Paul Fire & Marine Insurance Company ("St. Paul") filed an "Objection" to a portion of Judge Zimmerman's Third Discovery Order. Atmel Corporation ("Atmel") has filed an opposition, and St. Paul has filed a reply.[1]

The Court reviews Judge Zimmerman's discovery ruling to determine if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). St. Paul objects to the portion of Judge Zimmerman's Third Discovery Order requiring St. Paul to respond to interrogatories and produce documents related to any insured who tendered claims to St. Paul under a policy that included the "Fraud and Misrepresentation Clause" where St. Paul alleged grounds for rescission. St. Paul contends that such discovery is irrelevant, burdensome, and involves confidential information. St. Paul states that there are two insureds that fall in this category, and that documents related to these claims fills approximately 60 bankers' boxes.

In response, Atmel contends that the discovery at issue is relevant to whether St. Paul's rescission was in bad faith, as Atmel has alleged. Atmel also argues that the discovery is no more burdensome than discovery St. Paul has propounded on Atmel, and further that Atmel did not raise burden in its previous letter briefs nor

---

[1] These letter briefs are found at Docket Nos. 287, 302 and 305.

before Judge Zimmerman. Finally, Atmel contends that the current protective orders are sufficient to protect against any confidentiality concerns, particularly given that Atmel's discovery specifies that St. Paul may use anonymous identifiers in place of insured's names.

The Court concludes that Judge Zimmerman's discovery order is neither clearly erroneous nor is it contrary to law, and accordingly DENIES St. Paul's objection. Regardless of the effect of the "Fraud and Misrepresentation" clause in this case, Atmel has alleged that St. Paul's rescission was improper and in bad faith, and thus discovery into St. Paul's rescission and investigation procedures is relevant to these claims. Even if St. Paul raised burden before Judge Zimmerman, the Court finds no reason to disturb his ruling, as Atmel is correct that both sides have propounded wide-ranging discovery requests and both sides have already produced voluminous discovery. Finally, the existing protective order, combined with the use of anonymous identifiers, adequately addresses any of St. Paul's confidentiality concerns.

**IT IS SO ORDERED.**

Dated: November 14, 2005

SUSAN ILLSTON
United States District Judge