UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ATMEL CORPORATION, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C 04-4082 SI (BZ) |
| | ) | |
| v. | ) | **FIFTH DISCOVERY ORDER DENYING ATMEL'S MOTION TO COMPEL FURTHER DISCOVERY REGARDING OTHER RED PHOSPHORUS CLAIMS** |
| ST. PAUL FIRE & MARINE INSURANCE CO., | ) ) ) | |
| Defendant(s). | ) ) ) | |

Having read the papers filed by both sides, I find that there is no need for oral argument.

The genesis of this dispute is Atmel's Request for Production of Documents No. 33, about which there was an earlier dispute. I resolved this dispute in my Third Discovery Order in which I ordered St. Paul to produce documents responsive to this Request consistent with the parties' resolution of the dispute over Interrogatory 16, which sought related information, at their October 10, 2005 meet and confer conference. St. Paul's objections to the Third Discovery Order were denied by Judge Illston on

November 14, 2005.

Atmel is not claiming that St. Paul failed to produce documents as ordered. Instead, it is claiming that it has a need for discovery outside the scope of the compromise it reached with St. Paul on October 10, 2005. In its November 8, 2005 letter alerting the court of this dispute, it identified the discovery it now seeks as follows:

> "Atmel asks the Court to order that St. Paul provide the following: (1) Diane Holtog for deposition; (2) unredacted copies of all coverage correspondence from January 1, 2001 to the present; (3) the entire unredacted claims files for Insured #1 and Insured #2; (4) the limits, deductibles, and coverage period for Insured #1 and Insured #2; (5) further depositions of Judi Lamble, Craig Lapsley, and Ken Falvey should the documents indicate that these individuals had relevant knowledge.

In my opinion, allowing the requested discovery would be tantamount to reopening discovery, which only Judge Illston can do. Nor would I be willing to recommend that she do so at this late date. Discovery has long been closed. Based on the record before me, in a case which has been as hotly contested as this one and in which parties seemingly have left no stone unturned, I cannot agree that Atmel was not or should not have been aware until recently of the possibility that St. Paul might have information about red phosphorus claims made by other insureds which predated Atmel's application. Given the tenacity with which it has pursued such information, its failure to obtain prior to the close of discovery the information it now seeks, and indeed, its reaching a compromise which did not require St. Paul to produce the requested information, cut against the reopening of discovery.

For the foregoing reasons, it is **ORDERED** that Atmel's Motion To Compel Further Discovery Regarding Other Red Phosphorus Claims is **DENIED**.

Dated: December 13, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\ATMEL CORP\DISC5.ORDER.wpd