IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ATMEL CORPORATION,

    Plaintiff,

  v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

    Defendant.

No. C 04-04082 SI

**ORDER GRANTING ATMEL'S MOTION TO AMEND COMPLAINT**

On January 6, 2006, the Court heard oral argument on plaintiff Atmel Corporation's ("Atmel") motion to amend the complaint. Having carefully considered the parties' papers and the arguments of counsel, the Court hereby GRANTS Atmel's motion.

## BACKGROUND

Plaintiff Atmel is a company that manufactures computer chips. Atmel obtained general liability and errors and omissions insurance from defendant St. Paul Fire & Marine Insurance Company ("St. Paul") beginning January 1, 2002. This lawsuit primarily arises out of St. Paul's refusal to defend Atmel in a now-settled lawsuit brought by one of Atmel's customers, Seagate Corporation. In that lawsuit, which the parties refer to as the "*Seagate* Action," Seagate alleged that Atmel sold it defective computer chips and that Seagate had notified Atmel of the problems in the fall of 2001.

After it was sued in July of 2002, Atmel tendered the Seagate Action to St. Paul and to its previous insurer, Royal Indemnity Company ("Royal"), which had provided Atmel with insurance through December 31, 2001. Royal defended Atmel subject to a reservation of rights, and paid approximately half of Atmel's defense costs. St. Paul denied a defense, and after Atmel filed the instant lawsuit, St. Paul rescinded the

policies on the ground that Atmel omitted material information from its application for insurance.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs the amendment of complaints. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be very liberal in granting leave to amend a complaint. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530 (N.D. Cal. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Once a plaintiff has given a legitimate reason for amending the complaint, the burden shifts to the defendant to demonstrate why leave to amend should not be granted. *See Genentech*, 127 F.R.D. at 530-31 (citing *Senze-Gel Corp. v. Sieffhart*, 803 F.2d 661, 666 (Fed.Cir. 1986)); William W. Schwarzer et al., Federal Civil Procedure Before Trial, § 8:415, at 8-75. There are several accepted reasons why leave to amend should not be granted, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Properties*, 866 F.2d at 1160; *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809 (9th Cir. 1988). The Court has the discretion to determine whether the presence of any of these elements justifies refusal of a request to amend the complaint; this discretion is particularly broad where plaintiff has previously amended the complaint. *See Ascon Properties*, 866 F.2d at 1160.

## DISCUSSION

Atmel seeks leave to amend its complaint to allege an assigned claim for equitable contribution against

St. Paul. In the underlying *Seagate* action, Royal paid approximately one-half of Atmel's defense costs. On October 12, 2005, Atmel and Royal finalized a settlement under which, *inter alia*, Royal assigned to Atmel its rights of equitable contribution against St. Paul. Atmel's proposed amendment seeks equitable contribution for defense costs associated with the *Seagate* litigation, and does not seek equitable contribution for any monies that Royal paid towards the *Seagate* settlement.

St. Paul opposes the amendment, contending that (1) Atmel purposefully delayed entering into the settlement with Royal and seeking leave to amend, (2) the proposed amendment will require reopening discovery, and (3) if Atmel is allowed to amend its complaint, St. Paul will need to file a third-party complaint against Royal to pursue St. Paul's own equitable contribution claims.

St. Paul alleges that Atmel purposefully delayed in finalizing the settlement with Royal in order to ensure that its motion for leave to amend the complaint would be filed only days before the discovery cut-off. Atmel contends that it did not delay in seeking leave to amend because the Atmel-Royal settlement was finalized on October 12, 2005, and Atmel filed its motion for leave to amend on October 20, 2005. (Atmel's motion was originally noticed for December 2, 2005, but was moved due to a heavy calendar.) Atmel also argues that it provided St. Paul with notice in September 2005 of both the Atmel-Royal agreement and its intention to seek leave to amend the complaint.

The parties' dispute is a factual one that the Court need not resolve. Even if St. Paul is correct that Atmel delayed in seeking leave to amend, the Court concludes that St. Paul will not be prejudiced because St. Paul will be allowed to conduct limited discovery on the issues raised by the amendment if it is determined such discovery is necessary. In addition, the Court recognizes that the question of whether any discovery is needed may be obviated by the Court's decisions on the parties' motions for summary judgment scheduled for hearing on February 17, 2006. Accordingly, when the Court issues decisions on the upcoming motions for summary judgment, the Court will also inform the parties regarding how to proceed with respect to discovery related to Atmel's equitable contribution claim.

Finally, St. Paul contends that if Atmel is allowed to amend its complaint, it must be allowed to file a third-party complaint against Royal to pursue its own equitable contribution claims regarding the *Seagate* action as well as the *Venstar* and *Pacific Digital* matters. However, as Atmel correctly objects, St. Paul has not

properly sought leave to file a third-party complaint because St. Paul did not file a noticed motion. Accordingly, the Court does not make any ruling at this time regarding whether St. Paul should be allowed to file such a third-party complaint.[1]

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS Atmel's motion to amend the complaint. [Docket No. 266]. Atmel shall file the amended complaint by **January 12, 2006**.

**IT IS SO ORDERED.**

Dated: January 6, 2006

SUSAN ILLSTON
United States District Judge

---

[1] Moreover, the Court notes that the disposition of the upcoming motions for summary judgment may moot St. Paul's desire to file a third-party complaint. If, however, it should come to pass that Atmel is entitled to indemnity from St. Paul, then it may be appropriate for St. Paul to seek leave to file a third-party complaint against Royal.