IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION, | No. C 04-04082 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART ATMEL'S OBJECTION TO FIFTH DISCOVERY ORDER** |
| v. | |
| ST. PAUL FIRE & MARINE INSURANCE CO., | |
| Defendant. | |

Plaintiff Atmel Corporation ("Atmel") has filed an "Objection" to Judge Zimmerman's Fifth Discovery Order. St. Paul Fire & Marine Insurance Company ("St. Paul") has filed an opposition, and Atmel has filed a reply.[1]

Atmel's objection seeks the following relief: (1) production of all coverage-related communications between St. Paul and its other insureds; (2) the deposition of Diane Holtog; and (3) production of claims files without redactions, except for the name of Insured #2. Atmel contends that this discovery is relevant to its claim that St. Paul engaged in bad faith in the handling and ultimate denial of Atmel's claim.

The Court has reviewed the parties' papers and supporting declarations and exhibits, and has also reviewed the briefing of this matter before Judge Zimmerman. The Court notes that Atmel sought much broader discovery before Judge Zimmerman, and the Court agrees with Judge Zimmerman that Atmel

---

[1] These letter briefs are found at Docket Nos. 411, 421 and 428.

was largely seeking to impermissibly reopen discovery. The Court also notes that the briefing before Judge Zimmerman was somewhat confused as to what the parties had actually agreed to at the October 10, 2005 meet and confer, suggesting that Atmel had agreed to certain limitations on the production of documents when in fact Atmel had not.

The Court concludes that Atmel is entitled to production of all coverage-related communications between St. Paul and Insured #1 and Insured #2 regarding the red phosphorous claims. These communications are not to be cut off at the date that St. Paul accepted the tender of these claims or made an initial coverage determination. As Atmel correctly states, the transcript of the October 10, 2005 meet and confer shows that Atmel never agreed to any such limitation because Atmel wanted to see, *inter alia*, how much time it took St. Paul to process the handling of the other claims. To the extent that the documents at issue contain confidential information about the substance of the claims as opposed to coverage-related information, St. Paul may redact this information. St. Paul shall produce these documents by 5:00 p.m. on **January 25, 2006**.

The Court concludes that Atmel is also entitled to take the deposition of Diane Holtog, in light of the fact that she was first disclosed to Atmel only days before the discovery cut-off. The deposition shall take place on or before **January 27, 2006.**

The Court denies Atmel's request that St. Paul be required to produce unredacted claims files. Atmel contends that it agreed to redactions at the October 10, 2005 meet and confer only because it mistakenly believed that the other red phosphorous claims had been tendered after 2001. However, as Judge Zimmerman noted, discovery in this case has been hotly contested and exhaustive, and Atmel could have discovered the existence of pre-2002 claims earlier. Atmel must be held to the agreement it reached at the meet and confer.

In light of the foregoing, the Court adjusts the briefing schedule on St. Paul's motion for summary judgment (rescission) as follows: Atmel's opposition must be filed by **February 3, 2006** and St. Paul's reply must be filed by **February 10, 2006**. The hearing date of **February 17, 2006** shall remain the same. If the parties wish to modify the discovery and/or briefing schedules, they shall promptly meet and confer and inform the Court if they have agreed upon a new schedule. The Court informs the parties, however, that in order to retain the February 17, 2006 hearing date, briefing must

2

be completed by February 10, 2006.

**IT IS SO ORDERED.**

Dated: January 20, 2006

SUSAN ILLSTON
United States District Judge