John L. Cooper (State Bar No. 50324)
Dennis M. Cusack (State Bar No. 124988)
James H. Colopy (State Bar No. 172806)
Katina Ancar (State Bar No. 207950)
FARELLA BRAUN & MARTEL LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Plaintiff and
Counterdefendant
ATMEL CORPORATION

Gregory C. Read (Bar No. 49713)
Bruce D. Celebrezze (Bar No. 102181)
Laura L. Goodman (Bar No. 142689)
SEDGWICK, DETERT, MORAN & ARNOLD
LLP
One Market, Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone:  (415) 781-7900
Facsimile:  (415) 781-2635

Attorneys for Defendant and Counterclaimant
ST. PAUL FIRE & MARINE INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ATMEL CORPORATION,<br><br>    Plaintiff and Counterdefendant,<br><br>  vs.<br><br>ST. PAUL FIRE & MARINE<br>INSURANCE COMPANY,<br><br>    Defendant and Counterclaimant. | Case No. C 04 4082 SI<br><br>**JOINTLY PROPOSED JURY<br>INSTRUCTIONS**<br><br>JUDGE:  Honorable Susan Illston<br>DEPT:    Courtroom 10, 19th Floor<br>DATE:    April 25, 2006<br>TIME:     3:30 p.m. |
| AND RELATED COUNTERCLAIM. | |

JOINTLY PROPOSED JURY
INSTRUCTIONS – Case No. C 04 4082 SI

18943\926588.1

Pursuant to this Court's Pretrial Instructions, Plaintiff and Counterdefendant ATMEL CORPORATION ("Atmel") and Defendant and Counterclaimant ST. PAUL FIRE & MARINE INSURANCE COMPANY ("St. Paul") hereby submit these Jointly Proposed Jury Instructions in connection with the May 8, 2006 jury trial of this matter.

DATED: April 11, 2006                    FARELLA BRAUN & MARTEL LLP


By: _____/s/_____
                Dennis M. Cusack
Attorneys for Plaintiff
ATMEL CORPORATION


DATED: April 11, 2006                    SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: _____/s/_____
                Gregory C. Read
Attorneys for Defendant and Counterclaimant
ST. PAUL FIRE & MARINE INSURANCE COMPANY

**INDEX OF JOINTLY PROPOSED JURY INSTRUCTIONS**

| No. | Title |
| --- | --- |
| 1 | Use of a Party's Discovery Response |
| 2 | Breach of Contract – Introduction |
| 3 | Breach of Duty to Defend – Damages |
| 4 | Breach of Duty to Indemnify – Failure to Pay for Settlement |
| 5 | Duty to Indemnify – Burden of Proof |
| 6 | Settlement of Underlying Action – Presumed Reasonable |
| 7 | Breach of Duty to Indemnify – Damages |
| 8 | Causation:  Substantial Factor |
| 9 | Plaintiff May Not Recover Duplicate Contract and Tort Damages |
| 10 | Concealment – Defined |
| 11 | Introduction To Special Verdict Form |

JOINTLY PROPOSED JURY INSTRUCTION NO. 1

USE OF A PARTY'S DISCOVERY RESPONSE

Evidence is now to be presented to you in the form of responses of one of the parties to written discovery requests submitted by the other party.  These answers have been given in writing and under oath, before the actual trial, under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

Authority:  Ninth Circuit Civil Pattern Jury Instruction 2.13 (modified)

GIVEN AS REQUESTED:    _____

GIVEN AS MODIFIED:    _____

REFUSED:        _____

WITHDRAWN:        _____

JOINTLY PROPOSED JURY
INSTRUCTIONS – Case No. C 04 4082 SI                4                18943\926588.1

JOINTLY PROPOSED JURY INSTRUCTION NO. 2

BREACH OF CONTRACT – INTRODUCTION

Atmel and St. Paul entered into a contract for insurance that included general liability insurance and technology errors and omissions insurance.  Each type of insurance is different and has its own insuring clause, definitions, and exclusions.  Both types of insurance are contained in a single policy.

Atmel claims that St. Paul breached the contract by failing to defend Atmel in the lawsuit filed by Seagate Technology and by failing to pay for Atmel's contribution to the settlement of that lawsuit.

Atmel claims that St. Paul's breaches of the insurance policy caused harm to Atmel for which St. Paul should pay.

St. Paul denies Atmel's claims.

Authority:  CACI Jury Instruction No. 300 (modified)

GIVEN AS REQUESTED:     _____

GIVEN AS MODIFIED:     _____

REFUSED:     _____

WITHDRAWN:     _____

JOINTLY PROPOSED JURY
INSTRUCTIONS – Case No. C 04 4082 SI                5                18943\926588.1

<u>JOINTLY PROPOSED JURY INSTRUCTION NO. 3</u>

<u>BREACH OF DUTY TO DEFEND – DAMAGES</u>

If you decide that Atmel has proved its claim(s) against St. Paul for breach of insurance contract by not defending Atmel, you also must decide how much money will reasonably compensate Atmel for the harm caused by the breach.  This compensation is called "damages."  The purpose of such damages is to put Atmel in as good a position as it would have been if St. Paul had performed as promised.

The measure of damages for breach of the duty to defend is the amount of the unreimbursed attorney fees and costs that Atmel reasonably and actually incurred in defending the Seagate lawsuit.  Atmel must prove the amount of its damages.  You must not speculate or guess in awarding damages.

<u>Authority</u>:  CACI Jury Instruction No. 350 (modified); Matthew Bender Cal. Forms Jury Inst. No. 2300A.220 (modified).

GIVEN AS REQUESTED:      _____

GIVEN AS MODIFIED:       _____

REFUSED:                 _____

WITHDRAWN:               _____

JOINTLY PROPOSED JURY
INSTRUCTIONS – Case No. C 04 4082 SI                6                18943\926588.1

JOINTLY PROPOSED JURY INSTRUCTION NO. 4

BREACH OF DUTY TO INDEMNIFY – FAILURE TO PAY FOR SETTLEMENT

Atmel claims that St. Paul breached its contract by declining to pay for Atmel's settlement of the Seagate lawsuit.  To establish this claim, Atmel must prove all of the following:

1. That Atmel was required to pay damages that are covered under the St. Paul general liability insurance or technology errors and omissions insurance; and

2. The amount of the settlement payment that is covered by the policy.

Authority:  CACI Jury Instruction No. 2300 (modified); *Isaacson v. Cal. Ins. Guarantee Assn.*, 44 Cal. 3d 775, 791-92 (1988).

GIVEN AS REQUESTED:    _____

GIVEN AS MODIFIED:    _____

REFUSED:    _____

WITHDRAWN:    _____

JOINTLY PROPOSED JURY
INSTRUCTIONS – Case No. C 04 4082 SI          7          18943\926588.1

JOINTLY PROPOSED JURY INSTRUCTION NO. 5

DUTY TO INDEMNIFY – BURDEN OF PROOF

The general liability insurance and the technology errors and omissions insurance each have insuring agreements and exclusions.  Atmel has the burden of proving that all or part of the amount paid to settle the lawsuit filed by Seagate Technology falls within the terms of either the general liability insurance or the technology errors and omissions insurance.  St. Paul has the burden of proving that an exclusion applies.  Atmel has the burden of proving that an exception to an exclusion applies.

Authority:  Matthew Bender Cal. Forms Jury Inst. No. 2300A.20 (modified) & 2300A.21 (modified).

GIVEN AS REQUESTED:    _____

GIVEN AS MODIFIED:    _____

REFUSED:    _____

WITHDRAWN:    _____

JOINTLY PROPOSED JURY
INSTRUCTIONS – Case No. C 04 4082 SI                8                18943\926588.1

<u>JOINTLY PROPOSED JURY INSTRUCTION NO. 6</u>

<u>SETTLEMENT OF UNDERLYING ACTION – PRESUMED REASONABLE</u>

If you find that St. Paul breached its contractual duty to defend Atmel, Atmel was entitled to enter into a reasonable settlement of the claims asserted against it by Seagate.  The settlement entered into by Atmel is presumed to be a reasonable settlement of Seagate's claims.  Whether the settlement is covered under the St. Paul policy is an issue for you to determine in accordance with other instructions I will provide.

<u>Authority</u>:  *Isaacson v. Cal. Ins. Guarantee Assn.*, 44 Cal. 3d 775, 791 (1988); *Pruyn v. Agric. Ins. Co.*, 36 Cal. App. 4th 500, 515 (1995); *Xebec Dev. Partners, Ltd. v. Nat'l Union Fire Ins. Co.*, 12 Cal. App. 4th 501, 549 (1993).

GIVEN AS REQUESTED:    _____

GIVEN AS MODIFIED:    _____

REFUSED:    _____

WITHDRAWN:    _____

JOINTLY PROPOSED JURY INSTRUCTION NO. 7

BREACH OF DUTY TO INDEMNIFY – DAMAGES

If you decide that Atmel has proved its claim(s) against St. Paul for breach of insurance contract by not paying all or part of the amount Atmel paid to settle the Seagate lawsuit, you also must decide how much money will reasonably compensate Atmel for the harm caused by the breach. As I stated previously, this compensation is called "damages." The purpose of such damages is to put Atmel in as good a position as it would have been if St. Paul had performed as promised.

Atmel is entitled to compensation if Atmel was harmed by St. Paul's breach of its duty to indemnify and St. Paul's conduct was a substantial factor in causing Atmel's harm.

The measure of damages for breach of the duty to indemnify is the amount Atmel paid to settle the lawsuit filed by Seagate Technology that is covered by the St. Paul policy, less any amount received by Atmel from other sources. Atmel must prove the amount of its damages. You must not speculate or guess in awarding damages.


Authority:  CACI Jury Instruction No. 350 (modified).


GIVEN AS REQUESTED:    _____

GIVEN AS MODIFIED:    _____

REFUSED:    _____

WITHDRAWN:    _____


JOINTLY PROPOSED JURY
INSTRUCTIONS – Case No. C 04 4082 SI    10    18943\926588.1

JOINTLY PROPOSED JURY INSTRUCTION NO. 8

CAUSATION:  SUBSTANTIAL FACTOR

Atmel may recover all damages for harm for which St. Paul's bad faith was a substantial factor in causing the harm.  A substantial factor is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only or primary cause of the harm.

Authority:  CACI Jury Instruction No. 430 (modified).

GIVEN AS REQUESTED:  _____

GIVEN AS MODIFIED:  _____

REFUSED:  _____

WITHDRAWN:  _____

JOINTLY PROPOSED JURY
INSTRUCTIONS – Case No. C 04 4082 SI

11

18943\926588.1

JOINTLY PROPOSED JURY INSTRUCTION NO. 9

PLAINTIFF MAY NOT RECOVER DUPLICATE CONTRACT AND TORT DAMAGES

Atmel has made claims against St. Paul for breach of contract and for breach of the implied covenant of good faith and fair dealing.  If you decide that Atmel  has proved both claims, and that the same damages were caused by both claims, the same damages that resulted from both claims can be awarded only once.

Authority:  CACI Jury Instruction No. 361 (modified)

GIVEN AS REQUESTED:    _____

GIVEN AS MODIFIED:    _____

REFUSED:    _____

WITHDRAWN:    _____

JOINTLY PROPOSED JURY INSTRUCTION NO. 10

CONCEALMENT – DEFINED

"Concealment" is the neglect to communicate that which a party knows, and ought to communicate.

Authority: Cal. Ins. Code § 330.

GIVEN AS REQUESTED:  _____

GIVEN AS MODIFIED:  _____

REFUSED:  _____

WITHDRAWN:  _____

## JOINTLY PROPOSED JURY INSTRUCTION NO. 11

### INTRODUCTION TO SPECIAL VERDICT FORM

I will give you [a] verdict form[s] with questions you must answer.  I have already instructed you on the law that you are to use in answering these questions.  You must follow my instructions and the form[s] carefully.  You must consider each question separately.  Please answer the questions in the order they appear.  After you answer a question, the form tells you what to do next.  All of you must agree on an answer before you can move on to the next question.

When you are finished filling out the form[s], your presiding juror must write the date and sign it at the bottom.  Return the form[s] to [me/the bailiff/the clerk] when you have finished.

Authority:  CACI Jury Instruction No. 5012 (modified to require unanimity).

GIVEN AS REQUESTED:    _____

GIVEN AS MODIFIED:    _____

REFUSED:    _____

WITHDRAWN:    _____

JOINTLY PROPOSED JURY
INSTRUCTIONS – Case No. C 04 4082 SI          14          18943\926588.1