SEDGWICK, DETERT, MORAN & ARNOLD LLP
GREGORY C. READ (Bar No. 49713)
BRUCE D. CELEBREZZE (Bar No. 102181)
LAURA L. GOODMAN (Bar No. 142689)
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, California  94105
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635

Attorneys for Defendant and Counterclaimant
ST. PAUL FIRE & MARINE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ATMEL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | CASE NO. C04-4082 SI<br><br>DEFENDANT AND COUNTERCLAIMANT ST. PAUL FIRE & MARINE INSURANCE COMPANY'S PRELIMINARY SEPARATE JURY INSTRUCTIONS [PROPOSED]<br><br>Judge:  Honorable Susan Illston<br>Trial Date:  May 8, 2006 |

Defendant and counterclaimant St. Paul Fire & Marine Insurance Company submits the following preliminary proposed separate jury instructions.  Because there remain outstanding one motion for partial summary judgment and a number of motions in limine, and because the trial has not yet commenced and no evidence has been presented to the jury, these instructions must be considered preliminary.  St. Paul reserves the right to amend the instructions, or to delete or add instructions, as pre-trial rulings are made and as the trial progresses.

In addition, St. Paul requests that the Court instruct the jury in accordance with the following Model Ninth Circuit Jury Instructions:

1.1 (Duty of Jury); 1.3 (What is Evidence) ; 1.4 (What is Not Evidence); 1.6 (Direct and

18934\926661.1

Circumstantial Evidence); 1.7 (Ruling on Objections); 1.8 (Credibility of Witnesses); 1.9 (Conduct of the Jury); 1.10 (No Transcript Available to Jury); 1.11 (Taking Notes); 1.12 (Outline of Trial); 1.15 (Question to Witnesses by Jurors); 2.1 (Cautionary Instruction – First Recess); 2.2 (Bench Conferences and Recesses); 2.4 (Stipulations of Fact); 2.6 (Deposition as Substantive Evidence); 3.1 (Duties of Jury to Find Facts and Follow Law); 3.2 (What is Evidence); 3.3 (What is Not Evidence); 3.5 (Direct and Circumstantial Evidence); 3.6 (Credibility of Witnesses); 3.7 (Opinion Evidence, Expert Witnesses); 3.9 (Charts and Summaries Not Received in Evidence); 3.10 (Charts and Summaries in Evidence); 4.1 (Duty to Deliberate); 4.2 (Use of Notes); 4.3 (Communication with Court); 4.4 (Return of Verdict).

DATED: April 11, 2006   Respectfully submitted,

          SEDGWICK, DETERT, MORAN & ARNOLD LLP

                 /s/
          By _____
            GREGORY C. READ
            BRUCE D. CELEBREZZE
            LAURA L. GOODMAN
            Attorneys for Defendant and Counterclaimant
            ST. PAUL FIRE & MARINE INSURANCE
            COMPANY

18934\926661.1

# TABLE OF CONTENTS

**PAGE**

CLAIMS AND DEFENSES (Modified) ...............................................................5

BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE .......................................7

BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE ......................................8

MISREPRESENTATION OR CONCEALMENT IN INSURANCE APPLICATION – ESSENTIAL FACTUAL ELEMENTS ...............................................10

APPLICANT'S DUTY OF DISCLOSURE ...............................................................13

CONCEALMENT – INTENT NOT REQUIRED ...............................................................15

MISREPRESENTATION – DEFINED ...............................................................16

MISREPRESENTATION – INTENT NOT REQUIRED ...............................................................17

MATERIALITY – DEFINED ...............................................................18

MATERIALITY – EFFECT ON PARTICULAR INSURER ...............................................................20

MATERIALITY – QUESTIONS IN AN INSURANCE APPLICATION ...............................................................21

MATERIALITY – INFORMATION RE POTENTIAL CLAIMS ...............................................................22

REQUIRED DISCLOSURE – "REASONABLE INSURED" ...............................................................23

DISCLOSURE OBLIGATIONS – MERIT OF CLAIM IS IRRELEVANT ...............................................................25

INSURER HAS NO DUTY TO INVESTIGATE ANSWERS IN APPLICATION ...............................................................26

CONCEALMENT OR MISREPRESENTATION – EFFECT ...............................................................28

AFFIRMATIVE DEFENSE – WAIVER ...............................................................30

BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS ...............................................................33

BREACH OF CONTRACT – DUTY TO DEFEND ...............................................................35

BREACH OF CONTRACT – DUTY TO DEFEND - INVESTIGATION ...............................................................37

INTERPRETATION – REASONABLE TIME ...............................................................39

INSURING AGREEMENT – GENERAL LIABILITY POLICY ...............................................................41

PROPERTY DAMAGE – DEFINED ...............................................................43

"EVENT" – DEFINED ...............................................................45

GENERAL LIABILITY – IMPAIRED PROPERTY EXCLUSION ...............................................................46

IMPAIRED PROPERTY EXCLUSION EXPLAINED ...............................................................47

LOSS OF USE ...............................................................48

# **TABLE OF CONTENTS**

|  | **PAGE** |
|---|---|
| ERRORS & OMISSIONS INSURING CLAUSE | 49 |
| ERRORS & OMISSIONS – WHEN A "CLAIM OR SUIT" IS FIRST MADE OR BROUGHT | 50 |
| ERRORS & OMISSIONS – EXCLUSIONS | 51 |
| IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING | 53 |
| IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING – OBLIGATIONS OF INSURER | 55 |
| IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING – OBLIGATIONS OF INSURED | 57 |
| IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING – INSURER ENTITLED TO CONSIDER OWN INTERESTS | 59 |
| BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING – INSURER ENTITLED TO ASSERT ITS OWN INTERESTS | 61 |
| BREACH OF IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING ("BAD FAITH") | 63 |
| BAD FAITH – DEFINED | 65 |
| AN INSURER IS REQUIRED TO CONDUCT A FAIR INVESTIGATION | 67 |
| NO BAD FAITH WHERE COVERAGE DETERMINATION RESULTS FROM INVESTIGATION | 69 |
| THE "GENUINE ISSUE" DOCTRINE | 71 |
| EFFECT OF INSURED'S FAILURE TO COOPERATE OR ASSIST IN INSURER'S INVESTIGATION | 73 |
| REASONABLENESS – NOT TESTED BY HINDSIGHT | 75 |
| DAMAGES FOR BAD FAITH – BRANDT FEES | 76 |
| PUNITIVE DAMAGES – INTRODUCTION | 77 |
| PUNITIVE DAMAGES – ENTITY DEFENDANT – TRIAL NOT BIFURCATED | 79 |
| PUNITIVE DAMAGES – CONSCIOUS DISREGARD – DEFINED | 81 |
| PUNITIVE DAMAGES – NOT FOR NEGLIGENCE OR BREACH OF CONTRACT | 82 |
| PUNITIVE DAMAGES – REPREHENSIBILITY | 84 |

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 1

**CLAIMS AND DEFENSES (Modified)**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

St. Paul issued a policy of insurance to Atmel effective January 1, 2002, which included general liability insurance and technology errors and omissions insurance. St. Paul contends that Atmel misrepresented and concealed certain facts in applying for insurance in December 2001 that were material to St. Paul's decision to issue the insurance policy. St. Paul claims that Atmel had a duty to disclose the concealed facts and make accurate representations to St. Paul and that, if Atmel had disclosed the facts, St. Paul would not have agreed to issue the policy on the terms and conditions under which it was issued. Atmel denies St. Paul's claim of concealment and misrepresentation and claims that the information St. Paul asked for in the applications was not material to St. Paul's decision to issue the policy to Atmel.

Atmel claims that St. Paul breached its duties under the insurance policy in connection with a lawsuit filed against Atmel by Seagate Technology. Atmel asserts that St. Paul breached its duty to defend by failing to pay for Atmel's attorney fees and costs to defend the lawsuit filed by Seagate Technology, and that St. Paul breached its duty to indemnify Atmel by failing to pay for the settlement of that lawsuit. St. Paul denies that it breached the insurance policy.

Atmel also contends that St. Paul's breach of the duty to defend and indemnify were unreasonable or without proper cause and that St. Paul engaged in other conduct intended to deprive Atmel of its rights under the policy. As a result of this conduct, Atmel claims that St. Paul is liable for breach of the covenant of good faith and fair dealing, also referred to as bad faith. St. Paul denies Atmel's claim that it acted unreasonably or without proper cause or in bad faith in handling Atmel's claim.

**Authority:**

Ninth Circuit Civil Pattern Jury Instruction 1.2 (modified).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 1:**

Atmel objects to St. Paul's proposed instruction No. 1 on the basis that it is incomplete

18934\926661.1

and may lead to jury confusion.  Jury instructions are designed to assist the jury in understanding the relevant issues and what factors are probative.  *See Spesco Inc. v. General Elec. Co.*, 719 F.2d 233, 239 (9th Cir. 1983).  St. Paul's instruction presents the parties' claims and uncommon insurance concepts with insufficient explanation.  The lack of context for the parties' claims and defenses does not aid in clarifying the parties' positions and is likely to confuse the jury.   The Court may reject an incomplete instruction as misleading and erroneous.  *See, e.g., Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (jury instruction must accurately state the applicable law); *McGonigle v. Combs*, 968 F.2d 810, 824 (9th Cir. 1992) (deficient instruction inaccurately states law).  For these reasons, Atmel requests that the Court refuse St. Paul's proposed instruction and instruct the jury on Atmel's Proposed Instruction No. 1.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 2

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:**

Ninth Circuit Civil Pattern Jury Instruction 1.13 modified by CACI 200 (Rev. 2004).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 2:**

Atmel objects to use of the Ninth Circuit pattern instruction because state law governs the burden of proof in diversity actions. *See, e.g., Palmer v. Hoffman*, 318 U.S. 109, 117 (1943); *Robinson, Leatham & Nelson, Inc. v. Nelson*, 109 F.3d 1388, 1391 (9th Cir. 1997); *Shaps v. Provident Life & Accident Ins. Co.*, 244 F.3d 876, 881 n.1 (11th Cir. 2001); *Bayway Refining Co. v. Oxygenated Marketing & Trading A.G.*, 215 F.3d 219, 222-24 (2d Cir. 2000); *Porter v. Whitehall Laboratories, Inc.*, 9 F.3d 607, 612 (7th Cir. 1993). Accordingly the proposed instruction is erroneous as a misstatement of the applicable law. *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (jury instruction must accurately state the applicable law). Atmel's Proposed Instruction No. 5 on the burden of proof should be utilized as it follows the California CACI model instruction verbatim.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 3

**BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

Atmel has the burden of proving its claims of waiver and for punitive damages by clear and convincing evidence. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence. This means you must be persuaded by the evidence that the claim is highly probable so as to leave no substantial doubt. The evidence must be sufficiently strong so as to command the unhesitating assent of every reasonable mind.

**Authority:**

Ninth Circuit Civil Pattern Jury Instruction 1.14 (modified); *Lackner v. North*, 135 Cal.App.4th 1188, 1212, 37 Cal.Rptr.3d 863 (2006); *.In re Angelia P.,* 28 Cal.3d 908, 919, 171 Cal.Rptr. 637, 623 P.2d 198 (1981) *superseded by statute on other grounds* as stated in *Orange County Social Services Agency v. Jill V.*, 31 Cal.App.4th 221, 229, 36 Cal.Rptr.2d 848 (1994); *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*, 78 Cal.App.4th 847, 891, 93 Cal.Rptr.2d 364 (2000); *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1287-88, 31 Cal.Rptr.2d 433 (1994).

*See* CACI 336; *City of Ukiah v. Fones*, 64 Cal.2d 104, 107-108, 48 Cal.Rptr. 865, 410 P.2d 369 (1966) ("'Waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts.' The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver'." *See also, Florence Western Medical Clinic v. Bonta,* 77 Cal.App.4th 493, 504, 91 Cal.Rptr.2d 609 (2000); *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe and Takeout III, Ltd.*, 30 Cal.App.4th 54, 61 35 Cal.Rptr.2d 515 (1994).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 3:**

Atmel objects to use of the Ninth Circuit pattern instruction because state law governs the burden of proof in diversity actions. *See e.g. Palmer v. Hoffman*, 318 U.S. 109, 117 (1943); *Robinson, Leatham & Nelson, Inc. v. Nelson*, 109 F.3d 1388, 1391 (9th Cir. 1997); *Shaps v. Provident Life & Acc. Ins. Co.*, 244 F.3d 876, 881, fn. 1 (11th Cir. 2001); *Bayway Refining Co.*

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

*v. Oxygenated Marketing & Trading A.G.*, 215 F.3d 219, 222-24 (2d Cir. 2000); *Porter v. Whitehall Laboratories, Inc.*, 9 F.3d 607, 612 (7th Cir. 1993).  Atmel's Proposed Instruction No. 6 on the burden of proof should be utilized as it closely follows the CACI model instruction.

In addition, the last sentence of St. Paul's proposed instruction is argumentative and repetitive.  *See Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997).  The correct legal standard is "highly probable," not "sufficiently strong so as to command the unhesitating assent of every reasonable mind."  St. Paul's instruction is confusing and argumentative because it adds a second characterization of the burden of proof.  The Court should reject instructions that may lead to jury confusion.  *See Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995) (instructions must be formulated so as not mislead the jury).

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 4

**MISREPRESENTATION OR CONCEALMENT IN INSURANCE APPLICATION –
ESSENTIAL FACTUAL ELEMENTS**

St. Paul claims that Atmel concealed and/or misrepresented material facts in its applications for insurance in December 2001 for the policy effective January 1, 2002. To establish this claim, St. Paul must prove all of the following:

1.       That Atmel submitted or allowed to be submitted on its behalf applications for insurance with St. Paul;

2.       That the applications contained a misrepresentation and/or concealment; and

3.       That St. Paul would not have issued the insurance policy effective January 1, 2002 to Atmel on the terms that it did if Atmel had not concealed or disclosed the true facts in the applications.

**Authority:**

Cal. Ins. Code §§ 330 *et seq.*; *O'Riordan v. Federal Kemper Life Assurance Co.*, 36 Cal.4th 281, 286-87, 30 Cal.Rptr.3d 507, 114 P.2d 753 (2005); *Ward v. West Coast Life Ins. Co.*, 132 Cal.App.4th 181, 187 33 Cal.Rptr.3d 319 (2005); *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal.App.3d 169, 179-80, 243 Cal.Rptr. 639 (1988).

<u>**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 4:**</u>

Atmel objects to St. Paul's instruction on several grounds and contends that Atmel's Proposed Instruction No. 21, which closely follows the CACI model instruction No. 2308, should be utilized. First, as an initial matter, all of the rescission instructions should not be given until after the instructions on Atmel's breach of contract and bad faith instructions. St. Paul asserted rescission as an affirmative defense and counterclaim to Atmel's claims, so the jury should be instructed on Atmel's claims first.

Second, St. Paul's instruction is legally incorrect because St. Paul has removed all reference to rescission from the instruction, which has the effect of instructing the jury that it will only be asked to decide whether Atmel concealed or misrepresented material facts in its insurance

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

application.  In an action for breach of an insurance contract where the insurer raises rescission as an affirmative defense or counterclaim, the action is a legal one triable to a jury.  *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 383-85 (1935), *overruled on other grounds sub nom., Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988); *Adamos v. N.Y. Life Ins. Co.*, 293 U.S. 386, 388 (1935); *see also Arley v. United Pac. Ins. Co.*, 379 F.2d 183, 186 (9th Cir. 1967); *Mass. Bonding & Ins. Co. v. Anderegg*, 83 F.2d 622, 624-25 (9th Cir. 1936).  The parties previously briefed the issue of whether rescission is triable to a jury in response to the Court's request that they do so.  *See* Atmel's 02-16-06 Letter to Hon. S. Illston Responding to Court's 02-14-06 Order, Docket No. 493.  In addition, Atmel is submitting its opposition to St. Paul's brief on this issue today.  By this reference, Atmel incorporates the arguments and authorities therein.

Third, St. Paul's instruction is not supported by the evidence because it purports to instruct the jury on both misrepresentation and concealment, when there is no evidence of misrepresentation.  *See Voohries-Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 718-19 (9th Cir. 2001) (requested instructions on a party's theory of the case must be supported by some evidence); *Bursch v. Beardsley & Piper, a Div. of Pettibone Corp.*, 971 F.2d 108, 112 (8th Cir. 1992) (same).  To the contrary, St. Paul contends, and its witnesses will testify, that Atmel should have disclosed information concerning the Sumitomo mold compound issue and/or the Seagate customer complaints on its insurance application.  A failure to disclose is a concealment, rather than a misrepresentation.  Cal. Civ. Code § 1710 (distinguishing between concealment and misrepresentation, and defining concealment as "[t]he suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact.").  Thus, the references to misrepresentation are irrelevant and could mislead the jury.  *See Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995) (extraneous instructions should not be presented in order to avoid undue prejudice and misleading the jury).

Finally, St. Paul has only ever contended, and testimony only exists for the proposition, that St. Paul would not have issued the policy at all, not that it would have issued it on different terms.

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 5

**APPLICANT'S DUTY OF DISCLOSURE**

Applicants for insurance have a heavy burden of disclosure in connection with applying for insurance. An insurance applicant must disclose to a prospective insurer all that the applicant knows with respect to the risks that are presented by insuring it.

An applicant for insurance must disclose all information and knowledge that it has that is material to the insurance contract and which the insurer should be told.

**Authority:**

California Insurance Code §§ 332, 333. *See Freeman v. Allstate Life Ins. Co.,* 253 F.3d 533, 536 (9th Cir. 2001) (an insurer has a right to know all that the applicant for insurance knows with respect to the applicant's risk).


**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 5:**

St. Paul's instruction is erroneous, misleading, incomplete, and argumentative because it characterizes the duty of disclosure as only applying to the insured when the obligation is mutual. Cal. Ins. Code § 332. Because the instruction attempts to focus the jury's attention on Atmel's duties to the exclusion of St. Paul's corresponding obligations, the instruction should be rejected as erroneous. *See McGonigle v. Combs*, 968 F.2d 810, 824 (9th Cir. 1992) (incomplete instructions should be refused); *Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956) (instruction that unduly emphasizes one element is argumentative); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997) (same). St. Paul's language also erroneously ignores the fact that the carrier defines what is material by the questions it asks. Atmel's proposed instruction No. 25 should be utilized instead of St. Paul's instruction because Atmel's instruction closely follows the language of California Insurance Code section 332 with only minor changes for clarity to avoid confusing the jury.


\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 6

**CONCEALMENT – INTENT NOT REQUIRED**

Under the law, concealment can be either intentional or unintentional.  Even an innocent failure to disclose material facts is concealment.

**Authority:**

Cal. Ins. Code § 331.  *Mitchell v. United National Ins. Co.*, 127 Cal.App.4th 457, 473, 25 Cal.Rptr.3d 627 (2005); *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal.App.3d 169, 179-80, 243 Cal.Rptr. 639 (1988).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 6:**

Atmel objects to the second sentence of this instruction because it is not part of California Insurance Code Section 331.  Instructions based on statutory provisions should be drafted in the language of the statute.  *See Cook v. State of Rhode Island Dept. of Mental Health, Retardation & Hosps.*, 10 F.3d 17, 25 (1st Cir. 1993).  The instruction is also argumentative, and duplicative of prior instructions.  *See Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956) (instructions singling out particular elements for undue emphasis are improper); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997) (same).  Atmel has no objection to the first sentence of this instruction but requests that it be combined with the prior instruction.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 7

**MISREPRESENTATION – DEFINED**

A misrepresentation is a false statement of fact.

**Authority:**

Cal. Ins. Code §§ 358, 359.

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 7:**

This instruction is not supported by the evidence since there is no evidence of misrepresentation. St. Paul contends, and its witnesses will testify, that Atmel should have disclosed information concerning the Sumitomo mold compound issue and/or the Seagate customer complaints on its insurance application. A failure to disclose is a concealment, rather than a misrepresentation. Thus, an instruction on misrepresentation is improper because it is irrelevant and could mislead the jury. *See Voohries-Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 718-19 (9th Cir. 2001) (instructions must supported party's by evidence.).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 8

**MISREPRESENTATION – INTENT NOT REQUIRED**

A misrepresentation can be either intentional or unintentional.  Under California law, even an innocent misstatement in an insurance application constitutes a misrepresentation.

**Authority:**

Cal. Ins. Code § 359.  *Mitchell v. United National Ins. Co.*, 127 Cal.App.4th 457, 473, 25 Cal.Rptr.3d 627 (2005); *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal.App.3d 169, 179-80, 243 Cal.Rptr. 639 (1988); *San Francisco Lathing Co. v. Penn Mut. Life Ins. Co.*, 144 Cal.App.2d 181, 186-87, 300 P.2d 715 (1956).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 8:**

This instruction is not supported by the evidence since there is no evidence of misrepresentation.  St. Paul contends, and its witnesses will testify, that Atmel should have disclosed information concerning the Sumitomo mold compound issue and/or the Seagate customer complaints on its insurance application.  A failure to disclose is a concealment, rather than a misrepresentation.  Thus, an instruction on misrepresentation is improper because it is irrelevant and could mislead the jury.  *See Voohries-Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 718-19 (9th Cir. 2001) (instructions must supported party's by evidence.).

In addition, the second sentence of the instruction regarding "an innocent misstatement" is also argumentative, and duplicative of prior instructions.  *See Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956) (instructions singling out particular elements for undue emphasis are improper); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997) (same).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 9

**MATERIALITY – DEFINED**

The materiality of a concealment or misrepresentation is determined by its probable and reasonable effect upon the insurer.  The test for determining whether information is material is whether the information would have caused the underwriter who wrote the account to reject the application or to write the insurance on terms that are different than the terms in the insurance actually issued, had the underwriter known the true facts.  In other words, if the misrepresentation or concealment of fact would have affected the insurer's decision to write the risk, or the terms on which to write the risk, that fact is material.

**Authority:**

California Insurance Code §334.  *Mitchell v. United Nat'l Ins. Co.*, 127 Cal.App.4th 457, 474, 25 Cal.Rptr.3d 627 (2005); *Torvensen v. Family Life Ins. Co.*, 163 Cal.App.2d 401, 405, 329 P.2d 596 (1958); *Holz Rubber Co., Inc. v. American Star Ins. Co.*, 14 Cal.3d 45, 61, 120 Cal.Rptr. 415, 533 P.2d 1055 (1975); *Merced County Mut. Fire Ins. Co. v. State*, 233 Cal.App.3d 765, 772, 284 Cal.Rptr. 680 (1991); *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 9:**

This instruction is an inaccurate statement of the law because it states that the test for materiality is whether the individual underwriter would have made a different decision if that underwriter had know the allegedly concealed facts.  St. Paul is the contracting party, and the test is whether St. Paul would have elected not to issue the policy if Atmel had disclosed the allegedly concealed facts. *Mitchell v. United Nat. Ins. Co.*, 127 Cal. App. 4th 457, 474 (2005) ("The materiality of a misrepresentation is determined by its probable and reasonable effect upon the insurer.").

In addition, this instruction's assertion that materiality is determined by whether St. Paul would have issued Atmel insurance on different terms is not supported by the evidence.  St. Paul has alleged, and its witnesses will testify, that St. Paul would not have issued the policies to Atmel

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

if Atmel had disclosed the Sumitomo mold compound issue and/or the Seagate customer complaints on its insurance application. No witness has testified that St. Paul would have issued the policies under different terms if Atmel had made this disclosure. Therefore, the sentences referring to the terms upon which the insurance was issued are irrelevant and might mislead the jury. *See Voohries-Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 718-19 (9th Cir. 2001) (instructions must supported party's by evidence.); *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9 th Cir. 1995) (extraneous instructions improper as misleading).

Finally, the sentence beginning "In other words" is duplicative and argumentative. *See Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956) (instructions singling out particular elements for undue emphasis are improper); *Dupre v. Fru- Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997) (same). For all of these reasons, Atmel's Proposed Instruction No. 25, which closely follows the statutory language of Section 334, should be given instead.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 10

**MATERIALITY – EFFECT ON PARTICULAR INSURER**

Whether information is material is a subjective test:  the critical question is the effect that truthful answers would have had on St. Paul, not on any other insurer.

**Authority:**

Cal. Ins. Code § 334.  *Mitchell v. United Nat'l Ins. Co.*, 127 Cal.App.4th 457, 474, 25 Cal.Rptr.3d 627 (2005);  *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal.App.3d 169, 179-80, 243 Cal.Rptr. 639 (1988); *Merced County Mut. Fire Ins. Co. v. State*, 233 Cal.App.3d 765, 772, 284 Cal.Rptr. 680 (1991).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 10:**

This instruction is merely an argumentative paraphrasing of California Insurance Code section 334.  Once the jury has been instructed on section 334, no additional explanation is necessary or warranted.  Jury instructions are not appropriate for argument by counsel.  *See Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956) (instructions singling out particular elements for undue emphasis are improper); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997) (same); *see also Cook v. State of Rhode Island Dept. of Mental Health, Retardation & Hosps.*, 10 F.3d 17, 25 (1st Cir. 1993) (instructions based on statutory provision should be drafted in language of statute).  Atmel's Proposed Instruction No. 25, which closely follows the statutory language of section 334, should be given instead.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 11

**MATERIALITY – QUESTIONS IN AN INSURANCE APPLICATION**

Information provided by an applicant in response to a question contained in an insurance application is deemed to be material if the answer would affect the insurer's decision whether to accept the risk and, if so, upon what terms.

**Authority:**

Cal. Ins. Code § 334. *Mitchell v. United Nat'l Ins. Co.*, 127 Cal.App.4th 457, 474, 25 Cal.Rptr.3d 627 (2005); *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal.App.3d 169, 179-80, 243 Cal.Rptr. 639 (1988); *Wilson v. Western Nat'l Life Ins. Co.*, 235 Cal.App.3d 981, 993, 1 Cal.Rptr.2d 157 (1991) (when a question is asked as part of an insurance application, the information sought by the question is generally deemed to be material as a matter of law).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 11:**

This instruction is not supported by California Insurance Code section 334. Once the jury has been instructed on section 334, no additional explanation is necessary or warranted. *See Cook v. State of Rhode Island Dept. of Mental Health, Retardation & Hosps.*, 10 F.3d 17, 25 (1st Cir. 1993) (instructions based on statutory provision should be drafted in language of statute). This instruction is not only unnecessary, it is argumentative. Atmel's Proposed Instruction No. 25, which closely follows the statutory language of section 334, should be given instead.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 12

**MATERIALITY – INFORMATION RE POTENTIAL CLAIMS**

Information or knowledge concerning potential claims that may be made or brought against an insurance applicant under the proposed insurance for which the application is being made is presumed to be material to the insurer from whom the insurance is being requested.

**Authority:**

Cal. Ins. Code § 334. *Jaunich v. National Union Fire Ins. Co.*, 647 F.Supp. 209, 214 (N.D.Cal. 1986) (information concerning potential claims or suits is material as a matter of law).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 12:**

This instruction is not supported by California Insurance Code section 334. Once the jury has been instructed on section 334, no additional explanation is necessary or warranted. *See Cook v. State of Rhode Island Dept. of Mental Health, Retardation & Hosps.*, 10 F.3d 17, 25 (1st Cir. 1993) (instructions based on statutory provision should be drafted in language of statute). This instruction is not only unnecessary, it is argumentative. Information, even about "potential claims" – an argumentative phrasing unsupported by the actual questions asked by St. Paul – is not material in the abstract. Materiality is determined, first and foremost, by the questions being asked by the insurer. *Am. Mut. Liab. Ins. Co. v. Goff*, 281 F.2d 689, 694 (9th Cir. 1960). Atmel's Proposed Instruction No. 25, which closely follows the statutory language of section 334, should be given instead.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 13

**REQUIRED DISCLOSURE – "REASONABLE INSURED"**

In deciding what information should have been disclosed in response to the questions in the applications submitted to St. Paul, you should apply an objective test to Atmel.

The test is what a reasonable person or company with the knowledge and information known to Atmel should have disclosed in response to the questions asked in the applications.

**Authority:**

*International Ins. Co. v. Peabody Int'l Corp.*, 747 F.Supp. 477 (N.D. Ill. 1990); *International Surplus Lines Co. v. University of Wyoming Research Corp.*, 850 F.Supp. 1509 (D. Wyo. 1994).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 13:**

St. Paul's Proposed Instruction No. 15 is inaccurate, argumentative, and overbroad. Whether an insured's application answers are evaluated objectively or subjectively depends on what questions are asked of the insured in the application. If an opinion is requested in an insurance application, the person responding is only required to give an honest answer. Cal. Ins. Code § 339 ("Neither party to a contract of insurance is bound to communicate, even upon inquiry, information of his own judgment upon the matters in question."); *Conn. Mut. Life Ins. Co. v. McWhirter*, 73 F. 444, 450 (9th Cir. 1896) ("When an opinion is asked [in an insurance application], all that could be required would be an honest answer. Whether he made an honest answer was a matter for the jury to determine.") (citation omitted); *see also Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (instructions must correctly state applicable law); *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995) (instructions must be formulated to avoid misleading the jury).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

_____ WITHDRAWN

CASE NO. C04-4082 SI

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 14

**DISCLOSURE OBLIGATIONS – MERIT OF CLAIM IS IRRELEVANT**

Whether an insurance applicant believes that a potential claim is without merit or that the applicant will prevail on such a claim is irrelevant to the question of what should be disclosed to an insurer in applying for insurance.

**Authority:**

*Federal Ins. Co. v. Curon Medical, Inc.*, 2004 WL 2418318 * 7 (N.D. Cal. 2004) ("Whether Curon officials believed Guckin might have a substantial chance ultimately to succeed on a claim against Curon is irrelevant."); *Mt. Airy Ins. Co. v. Thomas*, 954 F.Supp. 1073 (W.D. Pa. 997), *aff'd,* 149 F.3d 1165 (3rd Cir. 1988) (subjective belief of attorney applicant based on his relationship with his client or otherwise that client would not make a claim was irrelevant and facts were required to be disclosed).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 14:**

This instruction is argumentative and not supported by the evidence. Atmel's witnesses have testified that they did not know and/or did not believe that Seagate would bring a lawsuit against Atmel with respect to the Sumitomo mold compound issue. No Atmel witnesses have testified that they believed a lawsuit brought by Seagate would be without merit or that Atmel would prevail in such a lawsuit. Because no evidence supports St. Paul's Proposed Instruction No. 16, it is irrelevant and misleading. *See Voohries-Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 718-19 (9th Cir. 2001) (instructions must supported party's by evidence.); *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9 th Cir. 1995) (extraneous instructions improper as misleading).

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 15

**INSURER HAS NO DUTY TO INVESTIGATE ANSWERS IN APPLICATION**

An insurer has the unquestioned right to rely on the answers provided by an applicant for insurance in its insurance applications without investigating their accuracy.

**Authority:**

*Mitchell v. United Nat'l Ins. Co.*, 127 Cal.App.4th 457, 477, 25 Cal.Rptr.3d 627 (2005); *Robinson v. Occidental Life Ins. Co.*, 131 Cal.App.2d 581, 585, 281 P.2d 39 (1955) ("It was not incumbent upon respondents to investigate Mr. Robinson's statements made to the examiner. It was his duty to divulge fully all he knew. No authority is cited and none will be found holding that an insured may escape the consequences of his deception by placing upon the insurer the burden of investigating his verified statements."); *San Francisco Lathing Co. v. Penn Mutual Life Ins. Co.*, 144 Cal.App.2d 181, 187, 300 P.2d 715 (1956)("There was no duty cast on the insurer to investigate the facts or to consult the insured's physician."); *Torbensen v. Family Life Ins. Co.*, 163 Cal.App.2d 401, 405, 329 P.2d 596 (1958) ("We have here an applicant for insurance who gives false answers to questions which are asked for the purpose of giving the insurer information from which it can determine whether or not it shall accept the risk. Appellant in effect argues that if an insurance company has an applicant examined, any false answers made by the applicant become immaterial . . . . An insurance company is entitled to rely on the truthfulness of the answers given in the application.")

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 15:**

Atmel objects to this instruction because it is argumentative and not an accurate statement of the law. California Insurance Code Section 336 states that an insurer may waive its right to material facts by failing to ask about such facts where those facts are distinctly implied in other communicated facts. Moreover, St. Paul is not excused from its failure to investigate if that failure was irrational in light of its own information and institutional knowledge. *See Hartong v. Partake, Inc.*, 266 Cal. App. 2d 942, 965 (1968); *see also Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (instructions must correctly state applicable law); *Fikes v. Cleghorn*, 47 F.3d

-26- CASE NO. C04-4082 SI
ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

1011, 1013 (9th Cir. 1995) (instructions must be formulated to avoid misleading the jury).

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 16

**CONCEALMENT OR MISREPRESENTATION – EFFECT**

Any concealment and/or misrepresentation of material fact by Atmel on the insurance applications submitted to St. Paul is a complete defense to all of Atmel's claims.

**NOTE:** In the event that the Court holds that it, not the jury, determines the issue of rescission, St. Paul will withdraw this instruction.

**Authority:**

*DeCampos v. State Compensation Ins. Fund*, 122 Cal.App.2d 519, 527, 265 P.2d 617 (1954); *Williamson & Vollmer Engineering, Inc. v. Sequoia Ins. Co.*, 64 Cal.App.3d 261, 272, 134 Cal.Rptr. 427 (1976).

<u>**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 16:**</u>

Atmel objects to St. Paul's proposed instruction as unnecessarily redundant of St. Paul's rescission instruction No. 5 (mistitled "misrepresentation or concealment in the application"). On a showing of adequate proof, St. Paul would be entitled to one remedy. St. Paul is therefore entitled to one instruction regarding that single remedy. An additional instruction would be unnecessarily duplicative of other proffered instructions. *See Accent Films, B.V. v. Universal City Studios, Inc.*, 24 F.3d 244 (9th Cir 1994) (holding no need to read duplicative instructions to the jury).

The instruction is also superfluous and internally duplicative. A party is only entitled to jury instructions on claims at issue. *See Voohries-Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 718-19 (9th Cir. 2001) (instructions must related to party's theory and be supported by evidence.). St. Paul has alleged that Atmel omitted information in its application (concealment), not that Atmel intentionally acted to hide information. Even the case law to which St. Paul cites refer to concealment *or* misrepresentation. *See DeCampos v. State Compensation Ins. Fund*, 122 Cal. App. 2d 519, 527 (1954); *Williamson & Vollmer Engineering, Inc. v. Sequoia Ins. Co.*, 64 Cal. App. 3d 261, 275 (1976). Extraneous instructions should not be presented in order to avoid undue prejudice and misleading the jury. *See Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir.

-28- CASE NO. C04-4082 SI

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

1995).  Such paraphrasing from an amalgamation of case law is also disfavored.  *See Williams v. Carl Karcher Enters., Inc.*, 182 Cal. App. 3d 479, 489 (1986), *overruled on other grounds sub nom.*, *Soule v. General Motors Corp.*, 8 Cal. 4th 458 (1994) (instructions crafted from legal opinions may be misleading).  Accordingly, an instruction regarding concealment is irrelevant to this action and should be rejected.

Finally, the instruction is also argumentative.  The wording of this instruction (along with the text of other duplicative proposed instructions) places undue emphasis on misrepresentation and concealment by repeating the two distinct legal concepts conjunctively.  *Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997).  Consequently, the instruction is unfair, erroneous, unduly prejudicial to Atmel, and misleading to the jury.  *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (proposed jury instructions must state applicable law); *Gulliford v. Pierce County*, 136 F.3d 1345, 1348 (9th Cir. 1998) (same).  For these reasons, Atmel requests that the Court refuse St. Paul's proposed instruction and instruct the jury on Atmel's Proposed Instruction Nos. 29-30.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 17

**AFFIRMATIVE DEFENSE – WAIVER**

Atmel claims that it did not have to disclose its knowledge and information about the Seagate issues to St. Paul when it was applying for insurance in 2001 because St. Paul knowingly and intentionally gave up its right to such information. This is called a "waiver." Waiver is the intentional relinquishment of a known right.

To establish this claim, Atmel must prove both of the following by clear and convincing evidence:

1. That St. Paul knew that Atmel did not disclose material facts and/or that Atmel had misrepresented material facts; and

2. That St. Paul freely and with actual knowledge of all of the true facts gave up its right to have Atmel disclose such material facts and/or provide it with accurate information in the insurance applications.

A waiver may be oral or written or may arise from conduct that shows that St. Paul knew of, and intended to, give up its right to material information.

**Authority:**

CACI 336 (modified); *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 31, 900 P.2d 61944 Cal.Rptr.2d 370 (1995) ("Case law is clear that " '[w]aiver is the intentional relinquishment of a known right after knowledge of the facts.' [Citations.] The burden ... is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver' [citation]."); *Roesch v. De Mota,* 24 Cal.2d 563, 572, 150 P.2d 422 (1944) ("Waiver is the intentional relinquishment of a known right after knowledge of the facts."); .*Moss v. Minor Properties, Inc.,* 262 Cal.App.2d 847, 857 69 Cal.Rptr. 341 (1968) ("Waiver ... is a question of fact and not of law, hence the intention to commit a waiver must be clearly expressed."); *Craig v. White*, 187 Cal. 489, 498, 202 P. 648 (1921) (There can be no waiver where the one against whom it is asserted has acted without full knowledge of the facts. It cannot be presumed, in the absence of such knowledge, that there was an intention to waive an existing right.) *City of Ukiah v. Fones*, 64 Cal.2d 104, 107-108, 48

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

Cal.Rptr. 865, 410 P.2d 369 (1966) ("'Waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts.' The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver'."); *Florence Western Medical Clinic v. Bonta*, 77 Cal.App.4th 493, 504, 91 Cal.Rptr.2d 609 (2000).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 17:**

This instruction is an inaccurate statement of the law because it fails to set forth the standard for waiver as applicable to parties to insurance contracts in particular.   Section 336 provides:  "The right to information of material facts may be waived, either (a) by the terms of insurance or (b) by neglect to make inquiries as to such facts, where they are distinctly implied in other facts of which information is communicated."  Cal. Ins. Code § 336; *see also* Cal. Ins. Code §§ 332, 333.  Waiver may also take place through a carrier's reaffirmation of the contract with knowledge of grounds for rescission.  *Klotz v. Old Line Ins. Co. of Am.*, 955 F. Supp. 1183, 1186 (N.D. Cal. 1996) ("When an insurance company, with knowledge of a default for which it might terminate insurance coverage, enters into negotiations or transactions with the insured, recognizing the continued validity of the policy and treating it as still in force, the right to claim a forfeiture for any previous default is waived."); *SEC v. Credit Bancorp, Ltd.*, 147 F. Supp. 2d 238, 257 (S.D.N.Y. 2001) (insurers ratified policies where they, among other things, retained premiums and engaged in annual resignings of the policies).  A generalized instruction is inappropriate where a more specific substantive law is applicable and varies from the broader standard.  *See, e.g., Austero v. National Cas. Co*, 84 Cal. App. 3d 1 (1978) (more specific instruction warranted when addressing insurance policies); *Erreca v. Western States Life Ins. Co.*, 19 Cal. 2d 388 (1942) (same).  Atmel requests that the Court refuse St. Paul's proposed instruction and utilize Atmel's Proposed Instruction No. 30.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 18

**BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS**

To recover damages from St. Paul for breach of contract, Atmel must prove all of the following:

1. That Atmel did all or substantially all of the significant things that the contract required it to do or that it was excused from having to do those things;

2. That all conditions required for St. Paul's performance had occurred;

3. That St. Paul failed to do something that the contract required it to do; and

4. That Atmel was damaged by that failure.

**Authority:**

CACI 303 (Modified)

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 18:**

Atmel objects to this generalized instruction because more substantive law – the law on the duty to defend and the duty to indemnify – is applicable and varies from the broader standard. *See, e.g., Austero v. National Cas. Co*, 84 Cal. App. 3d 1 (1978) (more specific instruction warranted when addressing insurance policies); *Erreca v. Western States Life Ins. Co.*, 19 Cal. 2d 388 (1942) (same). As St. Paul agrees, whether St. Paul had a duty to defend is a question of law for the Court to decide. *See Davis v. Farmers Ins. Group*, 134 Cal. App. 4th 100, 104 (2005) ("Whether a third party action asserts a potentially covered claim under the policy triggering the duty to defend requires us to interpret the language of the insuring agreement and presents a question of law.") (citing *Alex Robertson Co. v. Imperial Casualty & Indemnity Co.*, 8 Cal. App. 4th 338, 342-43 (1992)); *Union Oil Co. v. International Ins. Co.*, 37 Cal. App. 4th 930, 936 (1995). Consequently, a jury instruction on the duty to defend is not appropriate. Although a jury instruction on the duty to indemnify is appropriate, this jury instruction is overbroad, and is duplicative of the parties' joint substantive instruction on the duty to indemnify.

\_\_\_\_\_ GIVEN

18934\926661.1

\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_ REFUSED

\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 19

**BREACH OF CONTRACT – DUTY TO DEFEND**

An insurer has a duty to defend if the complaint and other facts known to the insurer show a potential for coverage. An insurer has no duty to defend if the complaint and other facts known to the insurer show no potential for coverage.

**Authority:**

*Waller v. Truck Ins. Exchange*, 11 Cal.4th 1, 19, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995); *Safeco Ins. Co. of America v. Parks*, 122 Cal.App.4th 779, 790, 19 Cal.Rptr.3d 17 (2004).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 19:**

This instruction is improper as an argumentative misstatement of the law likely to mislead the jury. Jury instructions are designed to assist the jury in understanding and applying the facts. An instruction that unduly overemphasizes an issue by singling it out is argumentative and should be refused. *See Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997). The second sentence of the proposed instruction is unnecessary for the jury to evaluate whether a duty to defend exists. Because it attempts to direct the jury's attention to the absence of a duty to defend rather than a general stating a principle of law, the instruction is argumentative and misleading. *See id*.

The instruction is also an incomplete and therefore erroneous declaration of the law. The duty to defend is due immediately upon notice of a suit. *See Buss v. Superior Court*, 16 Cal. 4th 35, 47 (1997). Although facts outside the complaint and known to the insurer may also give rise to a defense obligation, s*ee Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 295-96 (1993), *where such facts are not immediately available*, the duty to defend arises at once when a comparison of the complaint's allegations with the policy terms reveals potential coverage without resort to further investigation. *See id*.; *cf. Baroco West, Inc. v. Scottsdale Ins. Co*., 110 Cal. App. 4th 96, 103 (2003) (extrinsic facts must be known at time of tender). For this reason,

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

the instruction is unfair, erroneous and misleading to the jury. *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (jury instruction must accurately state the applicable law).

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 20

**BREACH OF CONTRACT – DUTY TO DEFEND - INVESTIGATION**

In determining whether an insurer has a duty to defend, an insurer is entitled to conduct a reasonable investigation into the circumstances of the claim before making its decision.

**Authority:**

*Anthem Electronics, Inc. v. Pacific Employers Insurance Co.*, 302 F.3d 1049, 1054 (9th Cir. 2002); *Lenscrafters, Inc. v. Liberty Mut. Fire Ins. Co.*, 2005 WL 146896, * 3 (N.D. Cal. 2005).

**<u>ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 20:</u>**

The instruction is an incomplete, and therefore erroneous, statement of the law.  This instruction would lead the jury to believe mistakenly that St. Paul was reasonable in delaying its defense and coverage decisions for more over two years.  However, the duty to defend is due immediately upon notice of a suit.  *See Buss v. Superior Court*, 16 Cal. 4th 35, 47 (1997).  Although facts outside the complaint and known to the insurer may also give rise to a defense obligation, s*ee Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 295-96 (1993), *where such facts are not immediately available*, the duty to defend arises at once when a comparison of the complaint's allegations with the policy terms reveals potential coverage without resort to further investigation.  *See id*.; *cf. Baroco West, Inc. v. Scottsdale Ins. Co*., 110 Cal. App. 4th 96, 103 (2003) (extrinsic facts must be known at time of tender).  The instruction is also argumentative and duplicative of other instructions that attempt to focus the jury's attention on a purported right to delay defense during investigation.  *See Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956) (instruction that unduly emphasizes one element is argumentative); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997) (same).  For this reason, the instruction is unfair, erroneous and misleading to the jury.  *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (jury instruction must accurately state the applicable law).

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 21

**INTERPRETATION – REASONABLE TIME**

If a contract does not state a specific time in which the parties are to meet the requirements of a contract, then the parties must meet them within a reasonable time. What is a reasonable time depends on the facts of each case, including the subject matter of the contract, the reasons each party entered into a contract, and the intentions of the parties at the time they entered the contract.

**Authority**:

CACI 319 (verbatim).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 21:**

Atmel objects to this instruction because it an incorrect application of the law to the legal issues in this case. St. Paul seeks to instruct the jury on the definition of "reasonable time" in order to justify its refusal to make a coverage decision. This instruction, as written, will lead the jury to believe mistakenly that St. Paul was reasonable in delaying its defense and coverage decisions for more than two years. However, St. Paul's obligations under the policy are governed by the case law regarding the duty to defend. The duty to defend is due immediately upon notice of a suit. *See Buss v. Superior Court*, 16 Cal. 4th 35, 47 (1997). Although facts outside the complaint and known to the insurer may also give rise to a defense obligation, s*ee Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 295-96 (1993), *where such facts are not immediately available*, the duty to defend arises at once when a comparison of the complaint's allegations with the policy terms reveals potential coverage without resort to further investigation. *See id*.; *cf. Baroco West, Inc. v. Scottsdale Ins. Co*., 110 Cal. App. 4th 96, 103 (2003) (extrinsic facts must be known at time of tender). For this reason, the instruction is unfair, erroneous and misleading to the jury. *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (jury instruction must accurately state the applicable law).

This instruction should be rejected because misleading statement regarding when St, Paul's duty to defend arises is prejudicial to Atmel. Jury instructions must be formulated so that

-39- CASE NO. C04-4082 SI

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

they fairly and adequately cover the issues presented, correctly state the law, and are not

misleading. *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995); *Dupre v. Fru-Con Eng'g Inc.*, 112 F.3d 329, 335 (8th Cir. 1997)

Finally, the instruction is also argumentative and duplicative of other instructions that attempt to focus the jury's attention on a purported right to delay defense during investigation. *See Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956) (instruction that unduly emphasizes one element is argumentative); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997) (same).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 22

**INSURING AGREEMENT – GENERAL LIABILITY POLICY**

The general liability coverage in the St. Paul policy provides that St. Paul will pay amounts any protected person is legally required to pay as damages for property damage that:

1. happens while the agreement is in effect; and

2. is caused by an event.

**Authority:**

St. Paul general liability insurance coverage 1/1/02-1/1/03.

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 22:**

This instruction is improper because it is not a statement of applicable law. *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (proposed jury instructions must state applicable law). The instruction merely restates the contents of the written policy which will be in evidence for reference by the jury during deliberations. The purpose of jury instructions to assist jurors in understanding and applying the law to the facts, rather than to recite the documentary evidence presented during trial. Because these provisions are set forth in the policy, repeating the provisions in the jury instructions is duplicative and unwarranted. Only if the Court makes a specific ruling regarding the meaning of a policy provision, should the Court instruct the jury as to the significance of a particular term. *See FMC Corp. v. Plaisted and Cos.*, 61 Cal. App. 4th 1132, 1172 (1998) (jury instruction accompanied court ruling that leased property not "owned property" within meaning of policy); *EOTT Energy Corp v. Storebrand Int'l Ins. Co.*, 45 Cal. App. 4th 565, 576-77 (1996) (jury instruction accompanied court ruling regarding effect of factual finding on application of policy provision regarding loss).

To the extent that the instruction paraphrases, rather than quotes directly from, the written policy, it is unfair, argumentative, erroneous, and misleading to the jury. *See id.*; *Gulliford v. Pierce County*, 136 F.3d 1345, 1348 (9th Cir. 1998).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 23

**PROPERTY DAMAGE – DEFINED**

The general liability coverage in the policy defines property damage as:

1. Physical damage to tangible property of others, including all resulting loss of use of that property, or

2. Loss of use of tangible property of others that isn't physically damaged.

The policy gives the following example:

*One of your employees accidentally causes a fire in your premises. The fire department responds and orders nearby businesses to close for safety reasons while it fights the fire. Your premises is heavily damaged by the fire. But none of the nearby businesses are physically damaged. As a result, we'll consider the period of time those businesses are closed due to your fire to be loss of use of tangible property of others that isn't physically damaged.*

For example:

This definition of property damage requires damage to the property of someone other than Atmel. The incorporation of a defective component or product into a larger product does not constitute "property damage" unless the defective component causes physical injury to tangible property in some other part of the product.

Loss of use of tangible property of others that is not physically damaged has been limited to the rental value of the property that cannot be used.

**Authority:**

*Seagate Technology, Inc. v. St. Paul Fire & Marine Ins. Co.*, 11 F.Supp.2d 1150, 1155 (N.D.Cal. 1998); *F&H Construction v. ITT Hartford Ins. Co. of the Midwest*, 118 Cal.App.4th 364, 372, 12 Cal.Rptr.3d 896 (2004); *Collett v. Insurance Co. of the West*, 64 Cal.App.4th 338, 343-44, 75 Cal.Rptr.2d 165 (1998).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 23:**

Atmel incorporates by reference its objection to St. Paul's Proposed Instruction No. 22 as if fully set forth herein. Additionally, this instruction is misleading because it goes beyond the

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

policy language to argue contentions that are not at issue in this case, and that are unsupported by law.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 24

**"EVENT" – DEFINED**

The general liability coverage in the St. Paul policy defines an "event" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

**Authority:**

St. Paul general liability insurance coverage 1/1/02-1/1/03.

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 24:**

Atmel incorporates by reference its objection to St. Paul's Proposed Instruction No. 22 as if fully set forth herein.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 25

**GENERAL LIABILITY – IMPAIRED PROPERTY EXCLUSION**

The general liability coverage in the St. Paul policy excludes "impaired property" from coverage. The policy states:

"We won't cover property damage to impaired property, or to property which isn't physically damaged, that results from

- your faulty or dangerous products or completed work; or
- a delay or failure in fulfilling the terms of a contract or agreement."

Impaired property is defined as "tangible property, other than your products or completed work, that can be restored to use by nothing more than:

- an adjustment, repair, replacement, or removal of your products or completed work which forms a part of it; or
- your fulfilling the terms of a contract or agreement."

**Authority:**

St. Paul general liability insurance coverage 1/1/02-1/1/03.

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 25:**

Atmel incorporates by reference its objection to St. Paul's Proposed Instruction No. 22 as if fully set forth herein.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 26

**IMPAIRED PROPERTY EXCLUSION EXPLAINED**

If you find that the Seagate disk drives were not physically damaged by the allegedly defective Atmel chips and that the drives could be restored by removing the allegedly defective Atmel chips and replacing them with chips not treated with red phosphorous, then there was no property damage within the meaning of the St. Paul general liability coverage.

**Authority:**

*Collett v. Insurance Co. of the West*, 64 Cal.App.4th 338, 343-44, 75 Cal.Rptr.2d 165, 169 (1998).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 26:**

Atmel incorporates by reference its objection to St. Paul's Proposed Instruction No. 22 as if fully set forth herein. Additionally, this instruction misstates the language in the policy.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 27

**LOSS OF USE**

In order for you to find that there was coverage under the "loss of use" provision in the general liability coverage, you need to find that Seagate made a claim against Atmel for damages arising from its loss of use of the Atmel chips. Loss of use damages mean damages for money lost as a result of Seagate's inability to use the Atmel chips, such as damages for rental fees or its equivalent.

**Authority:**

*F&H Construction v. ITT Hartford Ins. Co. of the Midwest*, 118 Cal.App.4th 364, 12 Cal.Rptr.3d 896 (2004); *Collin v. American Empire Ins. Co.*, 21 Cal.App.4th 787, 818, 26 Cal.Rptr.2d 391 (1994).

**<u>ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 27:</u>**

Atmel incorporates by reference its objection to St. Paul's Proposed Instruction No. 22 as if fully set forth herein. This instruction misstates and misinterprets policy language.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 28

**ERRORS & OMISSIONS INSURING CLAUSE**

The errors and omissions insuring clause in the policy provides that St. Paul will pay damages any protected person must pay for any covered loss that:

- results from your products or your work;

- is caused by a wrongful act committed on or after the retroactive date and before the ending date of this agreement; and

- results in a claim or suit first made or brought while this agreement is in effect, or during the limited reporting period or the extended reporting period, if either one applies.

St. Paul will consider each wrongful act in a series of wrongful acts to be committed on the date the first wrongful act in the series of related wrongful acts is committed.

**Authority:**

St. Paul Errors & Omissions Coverage 1/1/02-1/1/03.

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 28:**

Atmel incorporates by reference its objection to St. Paul's Proposed Instruction No. 22 as if fully set forth herein.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 29

## ERRORS & OMISSIONS – WHEN A "CLAIM OR SUIT" IS FIRST MADE OR BROUGHT

To be covered under the St. Paul errors & omissions coverage, a claim or suit must be first brought during the policy period. The policy provides, in part:

"We'll consider a claim or suit for covered loss that results from your products or your work to be first made or brought on the earliest of the following dates:

The date that any described individual protected person could reasonably foresee that such claim or suit would be made or brought."

"We'll consider it reasonable that a described individual protected person could foresee a claim or suit that results from your products or your work being made or brought if one of your customers, or any other person or organization, has done any of the following:

- Repeatedly complained to a described individual protected person about one or more problems with those products or that work.

- Advised a described individual protected person that those products or that work have failed to perform in compliance with any warranty you provided or any statement you made."

**Authority:**

St. Paul Errors & Omissions Coverage 1/102-1/1/03.

## ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 29:

Atmel incorporates by reference its objection to St. Paul's Proposed Instruction No. 22 as if fully set forth herein. This instruction also misstates policy language.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 30

**ERRORS & OMISSIONS – EXCLUSIONS**

The errors & omissions coverage contains an exclusion entitled "Costs to comply you're your contracts or agreement or for recall, removal or withdrawal." It states:

"We won't cover any cost or expense incurred by any protected person or others to comply with any warranty for your products or your work.

Nor will we cover any of the following:

- Any cost or expense incurred by any protected person or others to repair, replace, upgrade, supplement, or otherwise improve your products or your work, or to perform or complete your work. But we won't apply this exclusion part to loss of use of your products or your work.

- Any cost or expense incurred by any protected person or others for the recall, removal or withdrawal of your products or your work from the market or from use by any person or organization for any reason. But we won't apply this exclusion to loss of use of your products or your work.

- Any cost or expense incurred by any protected person or others for the adjustment, inspection, or disposal of your products or work. But we won't apply this exclusion part to loss of use of your products or your work."

The errors & omissions policy also excludes any credit or voluntary payment made by Atmel to anyone for any reason.

**Authority:**

St. Paul Errors & Omissions Coverage 1/102-1/1/03.


**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 30:**

Atmel incorporates by reference its objection to St. Paul's Proposed Instruction No. 22 as if fully set forth herein. It also misstates the language of the policy.


_____ GIVEN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 31

**IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING**

In every insurance policy there is an implied obligation of good faith and fair dealing that neither the insurer nor the insured will do anything to unreasonably injure the right of the other party to receive the benefits of the agreement.

**Authority:**

CACI 2330 (modified); *Morris v. Paul Revere Life Ins. Co.*, 109 Cal.App.4th 966, 135 Cal.Rptr.2d 718 (2003); *Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1148, 271 Cal.Rptr. 246 (1990); *Cardiner v. Provident Life & Acc. Ins. Co.*, 158 F.Supp.2d 1088, 1105 (C.D. Cal. 2001).

**<u>ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 31:</u>**

This instruction is a misstatement of the law and irrelevant to this action. A carrier may not assert a "bad faith" claim against its insured. *See Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000) (insured's breach of the covenant is a breach of contract, not tort, action). As such, St. Paul is precluded from presenting a "comparative bad faith" claim. *Id.* at 405-06.

To this effect, St. Paul has not pursued its counterclaim for breach of the implied covenant of good faith and fair dealing. St. Paul is only entitled to jury instructions on claims at issue in this action. *See Voohries-Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 718-19 (9th Cir. 2001) (instructions must related to party's theory and be supported by evidence). Because St. Paul has not pursued and may not assert a bad faith claim against Atmel, the instruction as to the insured is irrelevant. Extraneous instructions should not be presented in order to avoid undue prejudice and misleading the jury. *See Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION` NO. 32

**IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING – OBLIGATIONS OF INSURER**

To fulfill its implied obligation of good faith and fair dealing, an insurer must give equal consideration to the interests of its insured as it gives to its own interests.

An insurer, however, is not a fiduciary and is not required to put the interests of its insured before its own.

It is not unreasonable for an insurer to resolve good faith doubts about a claim against the claimant.

**Authority:**

CACI 2330 (modified); *Morris v. Paul Revere Life Ins. Co.*, 109 Cal.App.4th 966, 135 Cal.Rptr.2d 718 (2003); *Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1148, 271 Cal.Rptr. 246 (1990); *Cardiner v. Provident Life & Acc. Ins. Co.*, 158 F.Supp.2d 1088, 1105 (C.D. Cal. 2001).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 32:**

Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading. *See Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995). This instruction misstates the applicable law and is therefore is improper for presentation to the jury.

Despite the wording of the proposed instruction, California law neither requires nor allows an insurer to consider its own interests when evaluating whether it is obligated to defend an insured or to provide coverage for a claim under an insurance policy. To the contrary, due to the quasi-public role assumed by insurance companies, fiduciary-like obligations are inherent in the covenant of good faith and fair dealing. *See Foley v. Interactive Data Corp.,* 47 Cal. 3d 654, 684-85 (1988). Consequently, a carrier acts in bad faith when it places its own interests ahead of that of its insured. *See Egan v. Mutual of Omaha Ins. Co.,* 24 Cal. 3d 809, 820 (1979).

Moreover, when a comparison of the complaint's allegations with the policy terms reveals

18934\926661.1

potential coverage, the duty to defend arises immediately. *See Buss v. Superior Court*, 16 Cal. 4th 35, 47 (1997). Any disputes or doubts as to whether disputed facts give rise to a duty to defend are resolved in favor of the insured. *See Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993). If St. Paul consciously and deliberately refused to provide Atmel with an immediate defense, this failure to defend without more exposes St. Paul to a bad faith judgment. *See Campbell v. Superior Court*, 44 Cal. App. 4th 1308, 1319 (1996); *Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 921 n.5 (1978); *Crisci v. Security Ins. Co. of New Haven, Conn.*, 66 Cal. 2d 425, 429 (1967). Refusing to defend a claim where there is potential for coverage or rejecting to pay benefits on a covered claim in order to advance the carrier's own interest constitutes bad faith.

The proposed instruction is unnecessarily duplicative of other proffered instructions. *See Accent Films, B.V. v. Universal City Studios, Inc.*, 24 F.3d 244 (9th Cir 1994) (holding no need to read duplicative instructions to the jury). Finally, the instruction is also argumentative. The wording of this instruction (along with the text of other duplicative proposed instructions) overemphasizes a particular legal issue by repeatedly attempting to direct the jury's attention on the insurer's own interests rather than a balanced statement of law regarding its obligations under the insurance policy. *Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997). Consequently, the instruction is unfair, erroneous, unduly prejudicial to Atmel, and misleading to the jury. *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (proposed jury instructions must state applicable law); *Gulliford v. Pierce County*, 136 F.3d 1345, 1348 (9th Cir. 1998) (same).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 33

**IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING – OBLIGATIONS OF INSURED**

To fulfill its implied obligation of good faith and fair dealing, an insured must cooperate with its insurer and promptly provide its insurer with information requested by the insurer in investigating a claim.

**Authority:**

*Blake v. Aetna Life Ins. Co.*, 99 Cal.App.3d 901, 922-23, 160 Cal.Rptr. 528 (1979); *Housing Group v. United Nat'l Ins. Co.*, 1998 WL 230977 *8 (N.D. Cal. 1988) *Benton v. Allstate Ins. Co.*, 2001 WL 210685, * 7 (C.D. Cal. 2001); *Globe Indemnity v. Superior Court*, 6 Cal.App.4th 725, 731-32, 8 Cal.Rptr.2d 251 (1992).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 33:**

This instruction is a misstatement of the law and irrelevant to this action.  There is no claim in this action for Atmel's breach of the covenant of good faith and fair dealing, nor can there be.  *See Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000).

In fact, St. Paul has not withdrawn its counterclaim for breach of the implied covenant of good faith and fair dealing.  St. Paul is only entitled to jury instructions on claims at issue in this action.  *See Voohries-Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 718-19 (9th Cir. 2001) (instructions must related to party's theory and be supported by evidence).  Because St. Paul has not pursued and may not assert a bad faith claim against Atmel, the instruction is irrelevant.

In addition, St. Paul's duty to defend is "absolute" and independent of Atmel's obligations.  *See McCormick v. Sentinel Life Ins. Co*., 153 Cal. App. 3d 1030, 1044-45 (1984). Even an insured's failure to provide necessary data could not "absolve [St. Paul] of its duty to continue to deal in good faith." *Id*. (citing *Gruenberg v. Aetna Ins. Co*., 9 Cal. 3d 566, 573-74 (1973)).  Likewise, an insured has no duty to cooperate where the insurer has repudiated its obligation under the policy.  *See Sanchez v. Truck Ins. Exchange*, 21 Cal. App. 4th 1778, 1786-87 (1994) (insured relieved of policy duties after insurer failed to defend); *Samson v.*

-57-      CASE NO. C04-4082 SI

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

*Transamerica Ins. Co.*, 30 Cal. 3d 220, 238 (1981).  Because St. Paul's refusal to defend relieved Atmel of any duty to cooperate, this instruction is irrelevant.  Extraneous instructions should not be presented in order to avoid undue prejudice and misleading the jury.  *See Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995).

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 34

**IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING – INSURER
ENTITLED TO CONSIDER OWN INTERESTS**

An insurer is not required to pay every claim presented to it.  Besides the duty to deal fairly with the insured, the insurer also has a duty to its other policyholders and to its stockholders not to waste its reserves through the payment of meritless claims.

**Authority:**

Matthew Bender, Cal. Forms of Jury Instruction No. 2300A.143 (verbatim);  *Love v. Fire Ins. Exch*., 221 Cal.App.3d 1136, 1148-1149, 271 Cal.Rptr. 246 (1990); *Paulfrey v. Blue Chip Stamps ,* 150 Cal.App.3d 187, 199, 197 Cal.Rptr. 501 (1983) ; *Austero v. National Cas. Co.,* 84 Cal.App.3d 1, 30, 148 Cal.Rptr. 653 (1978).


**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 34:**

Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading.  *See Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995).  This instruction misstates the applicable law and is therefore is improper for presentation to the jury.  It is also misleading and inconsistent with the facts of this case because Atmel's claims are not meritless.

Despite the wording of the proposed instruction, California law neither requires nor allows an insurer to consider its own interests when evaluating whether it is obligated to defend an insured or to provide coverage for a claim under an insurance policy.  To the contrary, due to the quasi-public role assumed by insurance companies, fiduciary-like obligations are inherent in the covenant of good faith and fair dealing.  *See Foley v. Interactive Data Corp.,* 47 Cal. 3d 654, 684-85 (1988).  Consequently, a carrier acts in bad faith when it places its own interests ahead of that of its insured.  *See Egan v. Mutual of Omaha Ins. Co.,* 24 Cal. 3d 809, 820 (1979).

Moreover, when a comparison of the complaint's allegations with the policy terms reveals potential coverage, the duty to defend arises immediately.  *See Buss v. Superior Court*, 16 Cal. 4th 35, 47 (1997).  Any disputes or doubts as to whether disputed facts give rise to a duty to

-59-    CASE NO. C04-4082 SI
ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

defend are resolved in favor of the insured.  *See Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993).  If St. Paul consciously and deliberately refused to provide Atmel with an immediate defense, this failure to defend without more exposes St. Paul to a bad faith judgment.  *See Campbell v. Superior Court*, 44 Cal. App. 4th 1308, 1319 (1996); *Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 921 n.5 (1978); *Crisci v. Security Ins. Co. of New Haven, Conn.*, 66 Cal. 2d 425, 429 (1967).  Refusing to defend a claim where there is potential for coverage or rejecting to pay benefits on a covered claim in order to advance the carrier's own interest constitutes bad faith.

The proposed instruction is unnecessarily duplicative of other proffered instructions.  *See Accent Films, B.V. v. Universal City Studios, Inc.*, 24 F.3d 244 (9th Cir 1994) (holding no need to read duplicative instructions to the jury).  Finally, the instruction is also argumentative.  The wording of this instruction (along with the text of other duplicative proposed instructions) overemphasizes a particular legal issue by repeatedly attempting to direct the jury's attention on the insurer's own interests rather than a balanced statement of law regarding its obligations under the insurance policy.  *Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997).  Consequently, the instruction is unfair, erroneous, unduly prejudicial to Atmel, and misleading to the jury.  *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (proposed jury instructions must state applicable law); *Gulliford v. Pierce County*, 136 F.3d 1345, 1348 (9th Cir. 1998) (same).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 35

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING –
INSURER ENTITLED TO ASSERT ITS OWN INTERESTS**

An insurer is privileged, in preserving its own economic interests, to assert in a permissible way its legal rights and to communicate its position in good faith to its insured. The insurer's actions in asserting and communicating its rights must be based on a good faith belief in the existence of the rights asserted.

**Authority:**

Matthew Bender, Cal. Forms of Jury Instruction No. 2300A.144 (verbatim except for mention of emotional distress); *Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 395, 89 Cal.Rptr. 78 (1970).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 35:**

Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading. *See Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995). This instruction misstates the applicable law and is therefore is improper for presentation to the jury. This instruction is misleading and inconsistent with the facts of this case. Atmel has never contended that St. Paul could not communicate and investigate its positions. Atmel only contends that St. Paul was required to defend while it did so.

Despite the wording of the proposed instruction, California law neither requires nor allows an insurer to consider its own interests when evaluating whether it is obligated to defend an insured or to provide coverage for a claim under an insurance policy. To the contrary, due to the quasi-public role assumed by insurance companies, fiduciary-like obligations are inherent in the covenant of good faith and fair dealing. *See Foley v. Interactive Data Corp.,* 47 Cal. 3d 654, 684-85 (1988). Consequently, a carrier acts in bad faith when it places its own interests ahead of that of its insured. *See Egan v. Mutual of Omaha Ins. Co.,* 24 Cal. 3d 809, 820 (1979).

Moreover, when a comparison of the complaint's allegations with the policy terms reveals potential coverage, the duty to defend arises immediately. *See Buss v. Superior Court*, 16 Cal.

18934\926661.1

4th 35, 47 (1997). Any disputes or doubts as to whether disputed facts give rise to a duty to defend are resolved in favor of the insured. *See Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993). If St. Paul deliberately refused to provide Atmel with an immediate defense, this failure to defend without more exposes St. Paul to a bad faith judgment. *See Campbell v. Superior Court*, 44 Cal. App. 4th 1308, 1319 (1996); *Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 921 n.5 (1978); *Crisci v. Security Ins. Co. of New Haven, Conn.*, 66 Cal. 2d 425, 429 (1967). Refusing to defend a claim where there is potential for coverage or rejecting to pay benefits on a covered claim in order to advance the carrier's own interest constitutes bad faith.

The proposed instruction is unnecessarily duplicative of other proffered instructions. *See Accent Films, B.V. v. Universal City Studios, Inc.*, 24 F.3d 244 (9th Cir 1994) (holding no need to read duplicative instructions to the jury). Finally, the instruction is also argumentative. The wording of this instruction (along with the text of other duplicative proposed instructions) overemphasizes a particular legal issue by repeatedly attempting to direct the jury's attention on the insurer's own interests rather than a balanced statement of law regarding its obligations under the insurance policy. *Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997). A party has a right only to nonargumentative instructions. *See Central Microfilm Service Corp. v. Basic/Four Corp.*, 688 F.2d 1206, 1219 (8th Cir. 1982). Consequently, the instruction is unfair, erroneous, unduly prejudicial to Atmel, and misleading to the jury. *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (proposed jury instructions must state applicable law); *Gulliford v. Pierce County*, 136 F.3d 1345, 1348 (9th Cir. 1998) (same).

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 36

## BREACH OF IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING ("BAD FAITH")

Atmel claims that St. Paul breached the obligation of good faith and fair dealing by investigating Atmel's claim and alleging that Atmel made material misrepresentations and/or concealments in applying for the St. Paul policies. St. Paul denies that it breached the implied covenant of good faith and fair dealing. To prove this claim, Atmel must establish all of the following:

1. That St. Paul refused to discharge its contractual responsibilities;

2. That this failure was prompted not by an honest mistake, bad judgment, or negligence, but rather that St. Paul acted without proper cause and in conscious and deliberate disregard of the rights of Atmel;

3. That St. Paul's conduct was unreasonable under the circumstances; and

4. That St. Paul's breach of the implied covenant of good faith and fair dealing caused harm to Atmel.

**Authority:**

*Nager v. Allstate Ins. Co.*, 83 Cal.App.4th 284, 289, 99 Cal.Rptr.2d 348 (2000); *Lunsford v. Am. Guarantee & Liability Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994); *Morris v. Paul Revere Life Ins. Co.*, 109 Cal.App.4th 966, 135 Cal.Rptr.2d 718 (2003); *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*, 78 Cal.App.4th 847, 93 Cal.Rptr.2d 364 (2000).

## ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 36:

This instruction is improper as duplicative of other instructions that state that St. Paul is liable for breach of the implied covenant of good faith and fair dealing if Atmel proves that (1) Atmel was insured under an insurance policy with St. Paul; (2) a lawsuit was brought against Atmel; (3) Atmel gave St. Paul notice that it had been sued; (4) St. Paul acted unreasonably, or without proper cause, in one or more ways with respect to its refusal to defend, investigation, or denial of insurance; (5) Atmel was harmed; and (6) St. Paul's conduct was a substantial factor in

-63- CASE NO. C04-4082 SI
ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

causing Atmel's harm. CACI Jury Instruction No. 2331 (modified) (Failure or Delay in Payment); 2332 (modified) (Failure to Properly Investigate Claim); 2336 (modified) (Unreasonable Failure to Defend).

The proposed instruction is also argumentative in that it intentionally mischaracterizes St. Atmel's claims. Such a portrayal of Atmel's claims may be appropriate in argument by counsel because the jury recognizes that the statement comes from an interested source. However, the instruction it is improper as a binding charge to the jury. *Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997); *Central Microfilm Service Corp. v. Basic/Four Corp.*, 688 F.2d 1206, 1219 (8th Cir. 1982) (party entitled only to nonargumentative instructions). Consequently, the instruction is misleading to the jury and unduly prejudicial to Atmel. *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (proposed jury instructions must state applicable law); *Gulliford v. Pierce County*, 136 F.3d 1345, 1348 (9th Cir. 1998) (same).

The instruction also misstates the law. The standard for bad faith is "unreasonable or without proper cause." *Campbell v. Superior Court*, 44 Cal. App. 4th 1308, 1319 (1996); *Neal v. Farmers Ins. Exchange*, 21 Cal. 3d 910, 921 (1978). St. Paul improperly tries to insert the standard for "malice" ("conscious disregard") for purposes of punitive damages into the instruction.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 37

**BAD FAITH – DEFINED**

The mere denial of insurance policy benefits does not demonstrate bad faith. Bad faith implies unfair dealing rather than mistaken judgment or poor prognostication. A good faith mistake or poor judgment does not create bad faith liability, nor does a finding of negligence.

**Authority:**

*Shade Foods, Inc. v. Innovative Product Sales & Marketing, Inc.*, 78 Cal.App.4th 847, 880, 93 Cal.Rptr.2d 364 (2000); *Critz v. Farmers Ins. Group*, 230 Cal.App.2d 788, 796, 41 Cal.Rptr. 40 (1964); *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 995 (9th Cir. 2001); *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1395, 272 Cal.Rptr. 387 (1990); *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1166 (9th Cir. 1995); *Chateau Chamberay Homeowners Ass'n. v. Associated Intern. Ins. Co.*, 90 Cal.App.4th 335, 347, 108 Cal.Rptr.2d 776 (2001).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 37:**

This instruction is improper as duplicative of other instructions that state that St. Paul is liable for breach of the implied covenant of good faith and fair dealing if its conduct was unreasonable or without proper cause. St. Paul's failure to defend without proper cause *without more* exposes it to a bad faith judgment. *See Campbell v. Superior Court*, 44 Cal. App. 4th 1308, 1319 (1996). St. Paul is liable for "bad faith" because it consciously and deliberately refused to provide Atmel with an immediate defense. *See Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 921 n.5 (1978); *Crisci v. Security Ins. Co. of New Haven, Conn.*, 66 Cal. 2d 425, 429 (1967). Atmel need not show that St. Paul acted maliciously or immorally. *See Neal*, 21 Cal. 3d at 921 n.5.

St. Paul's proposed instruction is also argumentative. The wording of this instruction (along with the text of other duplicative proposed instructions) overemphasizes a particular legal issue by repeatedly attempting to focus the jury's attention on acts that do not constitute bad faith rather than presenting a balanced statement of law. *Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329,

18934\926661.1

335 (8th Cir. 1997); *Central Microfilm Service Corp. v. Basic/Four Corp.*, 688 F.2d 1206, 1219 (8th Cir. 1982) (party entitled only to nonargumentative instructions).  Consequently, the instruction is misleading to the jury and unduly prejudicial to Atmel.  *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (proposed jury instructions must state applicable law); *Gulliford v. Pierce County*, 136 F.3d 1345, 1348 (9th Cir. 1998) (same).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 38

**AN INSURER IS REQUIRED TO CONDUCT A FAIR INVESTIGATION**

An insurer is obligated to investigate carefully and fairly and to provide its insured with an opportunity to explain the facts.

Denial of a claim without conducting an investigation may constitute a breach of the implied covenant of good faith and fair dealing.

An insurer is entitled to a reasonable period of time to analyze a situation requiring a coverage decision. The law discourages "precipitous haste" in an investigation which may result in action prejudicial to an insured.

**Authority:**

*Civil Service Employees Ins. Co. v. Blake*, 245 Cal.App.2d 196, 53 Cal.Rptr. 701 (1996); *California Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal.App.3d 1, 221 Cal.Rptr. 171 (1985); *Dynamic Concepts, Inc. v. Truck Ins. Exchange*, 61 Cal.App.4th 999, 1010, 71 Cal.Rptr.2d 882 (1998); *Carlton v. St. Paul Mercury Ins. Co.*, 30 Cal.App.4th 1450, 1456, 1459, 36 Cal.Rptr.2d 229 (1994).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 38:**

This instruction is an erroneous statement of the applicable law. *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (proposed jury instructions must state applicable law). A carrier's assertion of an investigation does not in and of itself absolve a carrier of an unreasonable and improper refusal to meet its obligations to its insured under an insurance policy.

The duty to defend is due immediately upon notice of a suit. *See Buss v. Superior Court*, 16 Cal. 4th 35, 47 (1997). The duty to defend arises at once when a comparison of the complaint's allegations with the policy terms reveals potential coverage without resort to further investigation. A carrier may not use investigation as an excuse for refusing to defend. *See Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 295-96 (1993); *cf. Baroco West, Inc. v. Scottsdale Ins. Co.*, 110 Cal. App. 4th 96, 103 (2003) (extrinsic facts must be known at time of tender). Failure to defend immediately in the face of a clear potential for coverage is tantamount

to a denial of a claim. *See Campbell v. Superior*, 44 Cal. App. 4th 1308, 1321 (1996). A carrier cannot evade liability for bad faith conduct simply by declining to issue a *formal* rejection. *See McCormick v. Sentinel Life Ins. Co.*, 153 Cal. App. 3d 1030, 1048 (1984).

Where a carrier undertakes further investigation of a claim, it is inherent in the carrier's duty to perform a proper and fair inquiry. *See Wilson v. 21st Century Ins. Co.*, 136 Cal. App. 4th 97, 106-07 (2006). A carrier must investigate all facts relevant to the claim, even those would undermine a basis for denying a defense or coverage. *See id; Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 819 (1979) (insurance company must fully inquire into any grounds supporting the claim).

In addition, the proposed instruction is unnecessarily duplicative of other proffered instructions. *See Accent Films, B.V. v. Universal City Studios, Inc.*, 24 F.3d 244 (9th Cir 1994) (holding no need to read duplicative instructions to the jury). For the above reasons, the instruction is unfair, erroneous, prejudicial, and misleading to the jury.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 39

## NO BAD FAITH WHERE COVERAGE DETERMINATION RESULTS FROM INVESTIGATION

An insurer does not act in bad faith where the insurer investigates the insured's claim and makes its coverage determination based on its findings in that investigation.

**Authority:**

*Lunsford v. Am. Guarantee & Liability Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994)

## ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 39:

This instruction is an erroneous statement of the applicable law. *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (proposed jury instructions must state applicable law). A carrier's assertion of an investigation does not in and of itself absolve a carrier of an unreasonable and improper refusal to meet its obligations to its insured under an insurance policy.

The duty to defend is due immediately upon notice of a suit. *See Buss v. Superior Court*, 16 Cal. 4th 35, 47 (1997). The duty to defend arises at once when a comparison of the complaint's allegations with the policy terms reveals potential coverage without resort to further investigation. *See id*.

If a carrier undertakes further investigation of a claim, it is inherent in the carrier's duty to deal fairly with its insured to perform a proper and fair inquiry. *See Wilson v. 21st Century Ins. Co.*, 136 Cal. App. 4th 97, 106-07 (2006). A carrier must investigate all facts relevant to the claim, even those would undermine a basis for denying a defense or coverage. *See id; Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 819 (1979) (insurance company must fully inquire into any grounds supporting the claim). Any disputes or doubts as to whether additional discovered facts give rise to a duty to defend must be resolved in favor of the insured. *See Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993).

In addition, the proposed instruction is unnecessarily duplicative of other proffered instructions. *See Accent Films, B.V. v. Universal City Studios, Inc.*, 24 F.3d 244 (9th Cir 1994) (holding no need to read duplicative instructions to the jury). For the above reasons, the

18934\926661.1

instruction is unfair, erroneous, prejudicial, and misleading to the jury.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 40

## THE "GENUINE ISSUE" DOCTRINE

An insurer's mistaken or erroneous withholding of policy benefits, if based on a legitimate factual or legal dispute as to the insurer's liability for the claim, does not expose the insurer to bad faith liability.

This is called the "genuine issue" doctrine. The "genuine issue" doctrine holds that, where there is a legitimate dispute between an insurer and an insured concerning the existence of coverage or the amount of the insured's claim, the insurer's delay in paying or its refusal to pay the insured's claim does not constitute breach of the implied covenant of good faith and fair dealing, or "bad faith."

**Authority:**

*Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1280-81, 31 Cal.Rptr.2d 433 (1994); *Château Chamberay Homeowners Ass'n. v. Associated Intern. Ins. Co.*, 90 Cal.App.4th 335, 347, 108 Cal.Rptr.2d 776 (2001) ("It is now settled law in California that an insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract."); *Feldman v. Allstate Ins. Co.*, 332 F.3d 660, 670 (9th Cir. 2003), *cert. denied*, 540 U.S. 875 (2003) (applying California law); *National Union Fire Ins. Co. v. Seagate Technology, Inc.*, 2005 WL 894704, *3 (N.D. Cal. 2005).

## ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 40:

This instruction is improper as an erroneous application of California law. First, because a legitimate factual dispute regarding coverage indisputably establishes a potential for coverage, the genuine dispute doctrine is inapplicable in this third-party duty to defend action. *See Amato v. Mercury Cas. Co.*, 53 Cal. App. 4th 825, 830-832 (1997) (carrier liable for bad faith where carrier refused defense when coverage factually disputed and later found nonexistent); *Carlton v. St. Paul Mercury Ins. Co*., 30 Cal. App. 4th 1450, 1454 (1994) (carrier bad faith in third-party

action a question of fact).  [*See* Docket No. 506].

Second, the summary judgment standard is inapplicable to a jury's deliberations on factual issues.  The "genuine dispute doctrine" allows *a court*, through resolution of legal issues proper for determination as a matter of law, to grant summary judgment when it is "undisputed or indisputable" that a carrier's conduct was reasonable.  *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002); *see also Lunsford v. Am. Guar. & Liab. Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994) (affirming bad faith summary judgment for carrier where insurer's interpretation of policy language was reasonable in light of unsettled law).  Because the doctrine is germane only to a court's resolution of undisputed or indisputable legal issues, it is an improper statement of the law and unsuitable to guide the jury's factual determination of reasonableness.  *See Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1085 (1993) (factual disputes about coverage in third-party case prevents carrier from succeeding on summary judgment).

In denying St. Paul's motion for summary judgment on Atmel's bad faith claim, the Court concluded that the reasonableness of St. Paul's conduct is a disputed factual issue and the genuine dispute doctrine is inapplicable.  The jury must make a factual determination about whether St. Paul's actions were unreasonable and without proper cause without regard to the court's standard for judgment as a matter of law.  For the above reasons, the instruction is unfair, erroneous, prejudicial, and misleading to the jury.  *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002) (proposed jury instructions must state applicable law); *Gulliford v. Pierce County*, 136 F.3d 1345, 1348 (9th Cir. 1998) (same).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 41

## EFFECT OF INSURED'S FAILURE TO COOPERATE OR ASSIST IN INSURER'S INVESTIGATION

In determining whether St. Paul's conduct was unreasonable and without proper cause, you should consider the conduct of Atmel in responding to St. Paul's requests for information and questions in connection with its investigation of the *Seagate* claim. Atmel's own cooperation, or lack thereof, is relevant to the issue of whether St. Paul acted reasonably under the circumstances at the time that the events occurred.

**Authority:**

*Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal.4th 390, 97 Cal.Rptr.2d 151, 2 P.3d 11 (2000); *CalFarm Ins. Co. v. Krusiewicz*, 131 Cal.App.4th 273, 286, 31 Cal.Rptr.3d 619 (2005); *Blake v. Aetna Life Ins. Co.*, 99 Cal.App.3d 901, 922-23, 160 Cal.Rptr. 528 (1979); *Housing Group v. United Nat'l Ins. Co.*, 1998 WL 230977 *8 (N.D. Cal. 1988) *Benton v. Allstate Ins. Co.*, 2001 WL 210685, * 7 (C.D. Cal. 2001); *Globe Indemnity v. Superior Court*, 6 Cal.App.4th 725, 731-32, 8 Cal.Rptr.2d 251 (1992).

## ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 41:

This instruction is a misstatement of the law and irrelevant to this action. Because an insured's breach of the covenant of good faith and fair dealing sounds solely in contract rather than in tort, a carrier may not assert a "bad faith" claim against its insured. *See Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000) (insured's breach of the covenant is a breach of contract, not tort, action). As such, St. Paul is precluded from alleging bad faith or asserting a "comparative bad faith" defense. *Id.* at 405-06.

To this effect, St. Paul has not pursued its counterclaim for breach of the implied covenant of good faith and fair dealing. St. Paul is only entitled to jury instructions on claims at issue in this action. *See Voohries-Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 718-19 (9th Cir. 2001) (instructions must related to party's theory and be supported by evidence.). Because St. Paul has not pursued and may not assert a bad faith claim against Atmel, the instruction is irrelevant.

-73- CASE NO. C04-4082 SI

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

In addition, St. Paul's duty to defend is "absolute" and independent of Atmel's obligations. *See McCormick v. Sentinel Life Ins. Co.*, 153 Cal. App. 3d 1030, 1044-45 (1984). Even an insured's failure to provide necessary data could not "absolve [St. Paul] of its duty to continue to deal in good faith." *Id*. (citing *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 573-74 (1973)). Likewise, an insured has no duty to cooperate where the insurer has repudiated its obligation under the policy. *See Sanchez v. Truck Ins. Exchange*, 21 Cal. App. 4th 1778, 1786-87 (1994) (insured relieved of policy duties after insurer failed to defend); *Samson v. Transamerica Ins. Co.*, 30 Cal. 3d 220, 238 (1981).

The instruction suggests that Atmel had a duty to cooperate with St. Paul and that any alleged failure constitutes a defense to Atmel's claims. However, as discussed above, St. Paul's refusal to defend relieved Atmel of any duty to cooperate and St. Paul may not assert a "comparative bad faith" defense. Consequently, this instruction is misleading, unsupported by the evidence, and irrelevant to the action. *See Voohries-Larson,* 241 F.3d at 718-19 (instructions must relate to party's theory and be supported by evidence.). Extraneous instructions should not be presented in order to avoid undue prejudice and misleading the jury. *See Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 42

**REASONABLENESS – NOT TESTED BY HINDSIGHT**

Reasonableness of an insurer's conduct is not measured or tested by hindsight. The reasonableness of St. Paul's conduct must be measured at the time of the events as they occurred.

**Authority:**

*Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal.4th 390, 97 Cal.Rptr.2d 151, 2 P.3d 11 (2000); *CalFarm Ins. Co. v. Krusiewicz*, 131 Cal.App.4th 273, 286, 31 Cal.Rptr.3d 619 (2005).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 42:**

Atmel objects to this instruction as argumentative. The instruction seeks to overemphasize this issue by improperly attempting to direct the jury's attention to a single portion of a more a balanced statement of law regarding the test for evaluating the duty to defend. Such a singling out may be the basis for rejecting an instruction. *See Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997); *Central Microfilm Service Corp. v. Basic/Four Corp.*, 688 F.2d 1206, 1219 (8th Cir. 1982) (party has a right to nonargumentative instructions). Consequently, the instruction is unfair, unduly prejudicial to Atmel, and misleading to the jury. *See Jones v. Williams*, 297 F.3d 930, 934-39 (9th Cir. 2002). Atmel requests that the court reject this instruction in favor of Atmel's Proposed Instruction No. 21, Matthew Bender Cal. Forms Jury Inst. No. 2300A.141 (modified).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 43

## DAMAGES FOR BAD FAITH – BRANDT FEES

If you find (1) that Atmel is entitled to recover on his cause of action for breach of the implied covenant of good faith and fair dealing, and (2) that because of such breach it was reasonably necessary for Atmel to employ the services of an attorney to collect the benefits due under the policy, then and only then is Atmel entitled to an award for attorney's fees incurred to obtain the policy benefits, which award must not include attorney's fees incurred to recover any other portion of the verdict.

**Authority:**

*Brandt v. Superior Court*, 37 Cal.3d 813, 819-820 (quoted instruction), 693 P.2d 796, 210 Cal.Rptr. 211 (1985).


## ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 43:

Atmel objects to St. Paul's proposed instruction on the basis that the appellate court decision is less clearly worded than that of the recommended model instruction. The court merely gave approval to an instruction "along the following lines." *Brandt v. Superior Court*, 37 Cal. 3d 813, 819-20 (1985). This statement of general legal principles does not constitute an endorsement of a specific instruction for a jury. *See Williams v. Carl Karcher Enters., Inc.*, 182 Cal. App. 3d 479, 489 (1986), overruled on other grounds sub nom., *Soule v. General Motors Corp.*, 8 Cal. 4th 458 (1994) (instructions crafted from legal opinions may be misleading). Atmel requests that the Court refuse St. Paul's proposed instruction and instruct the jury on Atmel's proposed instruction CACI Jury Instruction No. 2350 (as modified).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 44

**PUNITIVE DAMAGES – INTRODUCTION**

Punitive damages are available only for actions "not arising out of contract," i.e., torts, and only where the plaintiff "prove[s] by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." The malice, fraud or oppression sufficient to support a punitive damage award is a difference in kind, "of a different dimension," than that required to establish bad faith. These standards are difficult to meet and they limit the availability of punitive damages to situations in which a defendants either intends to cause injury to the plaintiff, or engages in "despicable" conduct in conscious disregard of plaintiff's rights.

**Authority:**

Cal. Civil Code § 3294(a); *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1286, 31 Cal.Rptr.2d 433 (1994); *Shade Foods, Inc. v. Innovative Product Sales & Marketing, Inc.*, 78 Cal.App.4th 847, 890, 93 Cal.Rptr.2d 364 (2000).

**<u>ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 44:</u>**

Atmel objects to this instruction because it is argumentative, misstates the law, and does not accurately set forth Atmel's contentions.

Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading. *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995); *Dupre v. Fru-Con Eng'g Inc.*, 112 F.3d 329, 335 (8th Cir. 1997). A party has the right to have a jury instructed on its theory of recovery or defense if that theory is supported by facts in evidence (or reasonable inferences from facts in evidence) and the instruction is legally correct. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388 (7th Cir. 1991); *Alaska Airlines v. Oszman*, 181 F.2d 353, 353 (9th Cir. 1950).

The first sentence of this instruction may mislead the jury into believing that Atmel has no basis for punitive damages. Punitive damages are recoverable when the defendant breaches the implied covenant of good faith and fair dealing. *Tibbs v. Great American Ins. Co.*, 755 F.2d 1370, 1375 (9th Cir. 1985). All insurance contracts contain an implied covenant of good faith

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

and fair dealing which "requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement. *Id.* Thus, Atmel is entitled to recover for punitive damages for breach of the implied covenant of good faith and fair dealing and the jury should not be mislead into believing otherwise.

Jury instructions should provide the relevant rules of law generally and avoid singling out or stressing particular evidentiary items or legal theories; otherwise, the court's emphasis of certain facts or issues may cause a juror to attach undue importance or credibility to the selected matters. *Howard v. Cincinnati Sheet Metal & Roofing Co*., 234 F.2d 233, 235-36 (7th Cir. 1956). This instruction unnecessarily emphasizes the standard for awarding punitive damages which is already included in the CACI model instruction and will cause the jury to attach undue importance to the issue.

A party has a right to have the jury hear only nonargumentative instructions. *Spesco, Inc. v. General Elec. Co*., 719 F.2d 233, 239 (7th Cir. 1983); *Central Microfilm Service Corp. v. Basic/Four Corp*., 688 F.2d 1206, 1219 (9th Cir. 1982). The third sentence in this instruction is argumentative because it is intended to mislead the jury into believing that the law prevents Atmel from recovering for punitive damages.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 45

**PUNITIVE DAMAGES – ENTITY DEFENDANT – TRIAL NOT BIFURCATED**

If you decide that St. Paul's breach of the implied covenant and good faith and fair dealing caused Atmel harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages to Atmel only if Atmel proves that St. Paul engaged in that conduct with malice, oppression, or fraud. To do this, Atmel must prove the following by clear and convincing evidence:

1.    That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of St. Paul who acted on behalf of St. Paul;

2.    That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of St. Paul; or

3.    That one or more officers, directors, or managing agents of St. Paul knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means conduct which is intended by St. Paul to cause injury to Atmel or despicable conduct which is carried on with a willful and conscious disregard of the rights or safety of others.

"Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to St. Paul with the intent of causing Atmel harm.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making so that his or her decisions ultimately determine corporate policy.

**Authority:**

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

CACI 3495 (Oct. 2004) (modified)

**<u>ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 45:</u>**

Atmel objects to this instruction because it modifies the CACI model instruction and misstates the law on punitive damages by omitting certain relevant factors that are unfavorable to St. Paul. *See* CACI Jury Instruction No. 3945. Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading. *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995); *Dupre v. Fru-Con Eng'g Inc*., 112 F.3d 329, 335 (8th Cir. 1997).

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 46

**PUNITIVE DAMAGES – CONSCIOUS DISREGARD – DEFINED**

"Conscious disregard" describes a "highly culpable state of mind."

**Authority:**

*Mock v. Michigan Millers Mutual Ins. Co.*, 4 Cal.App.4th 306, 328, 5 Cal.Rptr.2d 594 (1992).

**<u>ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 46:</u>**

Atmel objects to this instruction because it unnecessarily emphasizes the definition of "conscious disregard" that is already present in the CACI model instruction for punitive damages. Jury instructions should provide the relevant rules of law generally and avoid singling out or stressing particular evidentiary items or legal theories; otherwise, the court's emphasis of certain facts or issues may cause a juror to attach undue importance or credibility to the selected matters. *Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956). This instruction unnecessarily emphasizes the issue of what is "conscious disregard" and will cause the jury to attach undue importance to the issue.

A party has a right to have the jury hear only nonargumentative instructions. *Spesco, Inc. v. General Elec. Co.*, 719 F.2d 233, 239 (7th Cir. 1983); *Central Microfilm Service Corp. v. Basic/Four Corp.*, 688 F.2d 1206, 1219 (9th Cir. 1982). Atmel objects to this instruction as argumentative as it conflicts with the definition of "conscious disregard" as found in the CACI model instruction for punitive damages. CACI Jury Instruction No. 3945.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 47

**PUNITIVE DAMAGES – NOT FOR NEGLIGENCE OR BREACH OF CONTRACT**

Punitive damages are not available for conduct which is negligent or for breach of contract, no matter how willful.

**Authority:**

*Campbell v. Cal-Gard Sur. Services, Inc.*, 62 Cal.App.4th 563, 570, 73 Cal.Rptr.2d 64 (1998); *Shade Foods v. Innovative Products Sales & Marketing, Inc.*, 78 Cal.App.4th 847, 890-91, 93 Cal.Rptr.2d 364 (2000); *Travelers Ins. Co. v. Lesher*, 187 Cal.App.3d 169, 200, 231 Cal.Rptr. 791 (1986).

**ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 47:**

Atmel objects to this instruction because it is argumentative and does not accurately set forth Atmel's contentions.

Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading. *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995); *Dupre v. Fru-Con Eng'g Inc.*, 112 F.3d 329, 335 (8th Cir. 1997). In assessing jury instructions, consideration must be given to the charge as a whole to determine whether it is misleading or incorrectly states the law to the prejudice of the objecting party. *Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1337 (9th Cir. 1985), opinion corrected by 773 F.2d 1049 (9th Cir. 1985). A party has the right to have a jury instructed on its theory of recovery or defense if that theory is supported by facts in evidence (or reasonable inferences from facts in evidence) and the instruction is legally correct. *Williams v. Jader Fuel Co.*, Inc., 944 F.2d 1388 (7th Cir. 1991); *Alaska Airlines v. Oszman*, 181 F.2d 353, 353 (9th Cir. 1950).

Atmel objects to this instruction because it may mislead the jury into believing that Atmel has no basis for punitive damages. Punitive damages are recoverable when the defendant breaches the implied covenant of good faith and fair dealing. *Tibbs v. Great American Ins. Co.*, 755 F.2d 1370, 1375 (9th Cir. 1985). All insurance contracts contain an implied covenant of good faith and fair dealing which "requires each contracting party to refrain from doing anything

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

to injure the right of the other to receive the benefits of the agreement. *Id*. Thus, Atmel is entitled to recover for punitive damages for breach of the implied covenant of good faith and fair dealing and the jury should not be mislead into believing otherwise.

Jury instructions should provide the relevant rules of law generally and avoid singling out or stressing particular evidentiary items or legal theories; otherwise, the court's emphasis of certain facts or issues may cause a juror to attach undue importance or credibility to the selected matters. *Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 235-36 (7th Cir. 1956). This instruction unnecessarily emphasizes that punitive damages are not available for breach of contract and will cause the jury to attach undue importance to the issue.

A party has a right to have the jury hear only nonargumentative instructions. *Spesco, Inc. v. General Elec. Co.*, 719 F.2d 233, 239 (7th Cir. 1983); *Central Microfilm Service Corp. v. Basic/Four Corp.*, 688 F.2d 1206, 1219 (9th Cir. 1982). The third sentence in this instruction is argumentative because it is intended to mislead the jury into believing that the law prevents Atmel has no basis for recovering for punitive damages.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

ST. PAUL'S [PROPOSED] JURY INSTRUCTION NO. 48

## PUNITIVE DAMAGES – REPREHENSIBILITY

The reprehensibility of a defendant's misconduct determines the propriety of punitive damages. Factors affecting reprehensibility are:

(1) whether the harm caused was physical as opposed to economic;

(2) whether the tortious conduct evinced an indifference or a reckless disregard of the health or safety of others;

(3) whether the target of the conduct had financial vulnerability;

(4) the conduct involved repeated actions or was an isolated incident; and

(5) whether the harm was the result of intentional malice, trickery , or deceit or accident. The absence of these factors indicates that punitive damages are not proper.

**Authority:**

*BMW of North America, Inc. v. Gore*, 517 U.S. 559, 57-77, 116 S.Ct. 1689, 134 L.Ed.2d 809 (1996); *State Farm Mut. Auto. Ins. Co. v. Campbell* 538 U.S. 408, 416-417, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003); *Simon v. San Paolo U.S. Holding Co., Inc.* 35 Cal.4th 1159, 1172, 29 Cal.Rptr.3d 379, 113 P.3d 63 (2005).

## ATMEL'S OBJECTIONS TO ST. PAUL'S PROPOSED JURY INSTRUCTION NO. 48:

Atmel objects to this instruction because it improperly asks the jury to consider issues of due process. *Walker v. City of Berkeley*, 951 F.2d 182, 184 (9th Cir. 1991) ("Juries do not decide whether or not a procedure satisfies due process"). While juries determine the fact of whether punitive damages should be awarded, *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 437, n.11 (2001), the court that must review the amount of punitive damages awarded under the Due Process Clause. *Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal. 4th 1159, 1171 (2005). In reviewing whether the amount of damages awarded is excessive under principles of due process, the court considers degree of reprehensibility of conduct under the five factors stated in this instruction. *Id.* This instruction improperly misstates the law by suggesting that the jury, rather than the judge, must consider the issue of due process in its deliberation. *See*

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1

*Cooper*, 532 U.S. at 437, n.11.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

ST. PAUL'S PRELIMINARY [PROPOSED] JURY INSTRUCTIONS

18934\926661.1