John L. Cooper (State Bar No. 50324)
Dennis M. Cusack (State Bar No. 124988)
James H. Colopy (State Bar No. 172806)
Racheal Turner (State Bar No. 226441)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Plaintiff and Counterdefendant
ATMEL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ATMEL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C04-4082 SI<br><br>**PLAINTIFF ATMEL CORPORATION'S AMENDED PROPOSED JURY INSTRUCTION NO. 22**<br><br>Trial Date:  May 8, 2006<br>Location:    Courtroom 10<br>Judge:       Hon. Susan Illston |

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

ATMEL'S AMENDED PROPOSED JURY
INSTRUCTION NO. 22
Case No. C04-4082 SI                    - 1 -                    18934\937161.

Plaintiff Atmel Corporation ("Atmel") hereby submits the following amended proposed jury instruction for the jury trial scheduled to commence on May 8, 2006.

DATED:  April 25, 2006                              FARELLA BRAUN & MARTEL LLP


By:_____/s/_____
                          John L. Cooper

Attorneys for Plaintiff
ATMEL CORPORATION

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

ATMEL'S AMENDED PROPOSED JURY
INSTRUCTION NO. 22                    - 2 -
Case No. C04-4082 SI                                          18934\937161.

ATMEL'S PROPOSED JURY INSTRUCTION NO. 22

RESCISSION FOR CONCEALMENT IN INSURANCE APPLICATION—ESSENTIAL

FACTUAL ELEMENTS

St. Paul claims that the insurance policies should be rescinded because Atmel concealed material facts in its application for insurance. St. Paul has the burden of proving rescission. To establish this claim, St. Paul must prove all of the following:

1.    That Atmel failed to state material facts in response to questions in the application Atmel submitted for insurance with St. Paul;

2.    That the disclosure of the allegedly material facts was called for by the application;

3.    That Atmel knew that it failed to disclose material facts; and

4.    That St. Paul would not have issued the insurance policy if Atmel had stated those facts in the application.

Whether Atmel concealed facts and whether the allegedly concealed facts were material to St. Paul must be evaluated as of the effective date of the policy, January 1, 2002.

Authority:  CACI Jury Instruction No. 2308 (modified); Order Granting in Part Atmel's Motion for Partial Summary Judgment and Denying St. Paul's Motion for Summary Judgment, Docket No. 496, at 8: 20-24 (Feb. 21, 2006) (citing *Fed. Ins. Co. v. Curon Med. Inc.*, 2004 WL 2418318, *4 (N.D. Cal. Oct. 28, 2004)).

**ST. PAUL'S OBJECTIONS TO ATMEL'S PROPOSED AMENDED INSTRUCTION NO. 22:**

St. Paul objects to Atmel's Proposed Amended Instruction No. 22 in its entirety as the determination of rescission is one for the Court, not for the jury. This issue has been the subject of previous briefing (Docket 492) and is also the subject of a brief submitted by St. Paul to be considered by the Court at the Pretrial Conference (Docket 599).

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

ATMEL'S AMENDED PROPOSED JURY
INSTRUCTION NO. 22
Case No. C04-4082 SI

- 3 -

18934\937161.

St. Paul further objects to this proposed jury instruction as it does not properly set forth the contentions of St. Paul nor does it set forth the proper law regarding concealment and misrepresentation in an insurance application.

In addition, materiality is not determined solely by whether or not St. Paul would have issued the policy, but it is also sufficient to establish materiality by showing that St. Paul would not have issued insurance to Atmel on the same terms and conditions that it did. California Insurance Code §334. *See Mitchell v. United Nat'l Ins. Co.*, 127 Cal.App.4th 457, 474, 25 Cal.Rptr.3d 627 (2005); *Torvensen v. Family Life Ins. Co.*, 163 Cal.App.2d 401, 405, 329 P.2d 596 (1958); *Holz Rubber Co., Inc. v. American Star Ins. Co.*, 14 Cal.3d 45, 61, 120 Cal.Rptr. 415, 533 P.2d 1055 (1975); *Merced County Mut. Fire Ins. Co. v. State*, 233 Cal.App.3d 765, 772, 284 Cal.Rptr. 680 (1991); *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001). Moreover, the questions contained in an insurance application are only one indicia of materiality. Information not asked for in an application may or may not be material. *See Mitchell v. United Nat'l Ins. Co.*, 127 Cal.App.4th 457, 474, 25 Cal.Rptr.3d 627 (2005).

Finally, Atmel's instruction is misleading and legally incorrect where it states that St. Paul must prove that Atmel *"knew that it failed to disclose* material facts." The correct issue is not whether Atmel knew of its misrepresentation or concealment (which would be no different than intentional fraud), but rather, whether Atmel *knew of the facts* it allegedly failed to disclose. Atmel relies on the language contained in the Court's February 21, 2006 Order on St. Paul's motion for summary judgment on its rescission claim. (Docket 496). Citing *Federal Ins. Co. v. Curon Med. Inc.*, 2004 WL 2418318, *4 (N.D. Cal. Oct. 28, 2004), the Court stated that it looks to three factors in determining "whether an insurance company has the right to rescind: (1) whether the insured misrepresented or concealed information in its application for insurance; (2) whether the information misrepresented or concealed was material; and (3) whether the insured knew that it had made a material misrepresentation or concealment." (Docket 496 at 8:20-24.) While the Court correctly cites from the *Curon* decision, that opinion and others make

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

ATMEL'S AMENDED PROPOSED JURY
INSTRUCTION NO. 22                    -4-
Case No. C04-4082 SI                                    18934\937161.

clear that an insurer *need not prove that the applicant intended to deceive* the insurer to support rescission. This Court has itself recognized that St. Paul is not required to prove intentional fraud (Docket 254 at 10:23-13:2) and in its Order, on which Atmel relies, the Court cited in a footnote the provisions of the Insurance Code relevant to the insured's knowledge (Insurance Code § 330 ("Neglect to communicate *that which a party knows*, and out to communicate, is concealment") (emphasis added); Insurance Code § 332 ("Each party to contract of insurance shall communicate to the other, in good faith, *all facts within his knowledge* which are or which he believes to be material to the contract and as to which he makes no warranty, and which the other has not the means of ascertaining.") (emphasis added.)). (Docket 496 at 8:20-24, fn. 3.) Judge Walker explained the meaning of the "knowledge" prong in the *Curon* opinion, stating:

> The third factor, Curon's knowledge, also supports rescission. *An insurer need not demonstrate that the insured made the material misrepresentation with actual intent to deceive. Freeman*, 253 F.3d at 536 (citing *Thompson*, 9 Cal.3d at 915, 109 Cal.Rptr. 473, 513 P.2d 353); *Casey*, 996 F.Supp. at 944 (same). Nevertheless, the insured's knowledge must be considered. There is no breach of duty to disclose *if the insured is ignorant of the relevant information. Freeman*, 789 F.2d at 1339 (citations omitted); *Casey*, 996 F.Supp. at 949. Nor is there a breach if the insured, acting in good faith, does not understand the significance of the information it fails to disclose. Freeman, 789 F.2d at 1339 (citations omitted); *Casey*, 996 F.Supp. at 949. Neither of these two exceptions to rescission, however, support Curon's position.

*Curon*, 2004 WL 2418318 at * 6 (emphasis added).

The Court's discussion following this passage clarifies that what is meant by the insured's "knowledge" is not the knowledge that he or she made a misrepresentation or concealment (which, in effect, would be no different than requiring intentional fraud). Instead, the relevant knowledge is *knowledge of the fact alleged to have been misrepresented or concealed.* In discussing the insured's knowledge, Judge Walker noted the two real issues were (1) whether the insured was aware of the fact alleged to have been concealed or misrepresented, and (2) whether the insured knew or should have known that the fact was significant:

> First, it is undisputed that officials at Curon were aware of the Guckin incident. Dr Nagle communicated continuously with Curon's CMO, Dr. Utley, regarding the severity of Guckin's condition. . . . Alistair McLaren,

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

ATMEL'S AMENDED PROPOSED JURY
INSTRUCTION NO. 22          - 5 -          18934\937161.
Case No. C04-4082 SI

who was Curon's chief financial officer (CFO) and filled out the insurance application, apparently did not know at that time that Guckin had consulted with a lawyer. . . . This fact, however, does not undercut a finding of actual knowledge . . . . Because he was one of Curon's senior officers, Dr Utley's knowledge regarding the attorney is sufficient to charge Curon with actual knowledge

\* \* \*

Second, Curon argues that Curon failed to appreciate the significance of the Guckin incident because no one at Curon expected that the Guckin incident would give rise to a claim. Curon bases this argument on the fact that Guckin had not yet made a formal claim for money damages at the time Curon submitted the insurance application and on its contention that clinical trial lawsuits are relatively rare and involve a novel and developing area of the law. Essentially, Curon argues that it believed that the Guckin incident was too insubstantial to report. This argument is not convincing for several reasons. In *Freeman*, the insured argued that because her physical condition was controlled by medication, it was not significant enough to report on her application for health insurance. The Ninth Circuit rejected this argument, noting that "[w]here an insured is aware of her condition, symptoms, or treatment, she is obliged to disclose them upon request." *Freeman*, 253 F.3d at 536-37; see also *Casey*, 996 F.Supp. at 949.

\* \* \*

Furthermore, the testimony of Curon's CFO undermines the argument that Curon failed to appreciate the significance of the Guckin incident. Federal points the court to McLaren's deposition testimony, in which he admitted that had he been aware that Guckin had consulted a lawyer, he probably would have disclosed that information to Federal. McLaren Depo at 127-28. This testimony indicates that Curon subjectively appreciated the significance of the information about Guckin, regardless whether Guckin had lodged a formal claim or whether her theory of liability was novel.

*Id.* at \*\*6-7. *Accord, Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533 (9th Cir. 2001) (where insured knew that she had epilepsy, she was required to disclose it when asked even if she thought it insignificant); *Miller v. Republic Nat'l Life Ins. Co.* 789 F.2d 1336, 1339-40 (9th Cir. 1986) (insured needs to have knowledge of the information he allegedly did not disclose).

Because Atmel's proposed instruction does not fairly present St. Paul's contentions or the law regarding its claim for misrepresentation and concealment, it should not be given to the jury. Instead, the jury should be instructed in accordance with St. Paul's Proposed Instruction Nos. 4-15.

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

ATMEL'S AMENDED PROPOSED JURY
INSTRUCTION NO. 22                    - 6 -                    18934\937161.
Case No. C04-4082 SI

GIVEN AS REQUESTED: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

WITHDRAWN: _____

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

ATMEL'S AMENDED PROPOSED JURY
INSTRUCTION NO. 22
Case No. C04-4082 SI

- 7 -

18934\937161.