IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION, | No. C 04-4082 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM. | |

On April 25, 2006, the Court held a final pretrial conference in the above captioned matter. All parties were represented by counsel. The following matters were resolved:

1. **Date of trial:** Trial will commence on Monday, May 15, 2006.

2. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

3. **Voir dire**: The Court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel.

4. **Jury instructions**: Counsel have submitted certain joint proposed jury instructions, and separate sets of contested instructions. No later than **Friday, May 12, 2006**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so

noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the Court on disk, suitable for reading by WordPerfect 10.0 (windows) on or before May 12, 2006.

5. **Trial exhibits**: No later than Thursday, May 11, 2006, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (for the Court, the file and the witness) and each side shall provide one set for the other side. Only exhibits testified about by a witness will be admitted into evidence. The parties are directed to meet and confer concerning stipulations regarding authenticity of documents to avoid the need for testimony by witnesses who are solely custodians of records.

6. **Timing of trial**: The parties estimated that the trial should take approximately 12 days. Based on this estimate, each side shall have 45 minutes for opening statements; each side shall have 22 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument.

7. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. Monday, May 29, 2006 is a federal holiday so there will be no trial that day.

8. **Motions in limine**: The parties filed 31 motions in limine, as follows:

**Atmel No. 1, to exclude evidence of any post-December 31, 2001 inquiries Atmel received regarding the Sumitomo mold compound**: This relevance-based objection is overbroad as

2

framed. The motion is DENIED, without prejudice to specific objections at trial to specific documents.

**Atmel No. 2, to exclude certain internal Seagate documents:** This relevance-based objection to all documents not sent to Atmel in the ordinary course of business is overbroad as framed. The motion is DENIED, without prejudice to specific objections at trial to specific documents.

**Atmel No. 3, to exclude privileged documents (October 2003):** DENIED. See also St. Paul No. 7.

**Atmel No. 4, to exclude evidence of three coverage cases (Senstar/Pacific Digital/Action Tapes) to the extent St. Paul wants to attempt to rescind based on those cases:** GRANTED, and further ordered that evidence concerning these three coverage cases is excluded for all purposes based on FRE 403.

**Atmel No. 5, to exclude Seagate witness deposition testimony from underlying Seagate action:** GRANTED.

**Atmel No. 6, to exclude evidence of Atmel's alleged failure to cooperate with St. Paul or Royal:** The motion is GRANTED to the extent it seeks to exclude evidence concerning failure to cooperate with Royal; it is DENIED to the extent it seeks to exclude evidence of failure to cooperate with St. Paul. See also St. Paul No. 13.

**Atmel No. 7, to exclude evidence of any settlement communications under FRE 408:** GRANTED; both Atmel and St. Paul are precluded from offering evidence of the content of settlement discussions between them or with the Seagate parties. This order does not preclude offering evidence of the fact that St. Paul was invited to attend settlement discussions in the Seagate matter, did attend such discussions and/or failed to make any payment or contribution to the Seagate settlement. See also St. Paul No. 3.

**Atmel No. 8, to exclude references to California Civil Code Section 2860:** GRANTED.

**Atmel No. 9, to preclude St. Paul from offering evidence of damages related to its counterclaims:** GRANTED. St. Paul acknowledges that it will not present any damage evidence on counterclaims 2, 3, 4 or 5. Those claims will, therefore, fail as a matter of law. Accordingly, counterclaims 2, 3, 4 and 5 are DISMISSED.

**Atmel No. 10, to preclude St. Paul from offering requested documents or other evidence that were not produced in discovery:** The parties have stipulated concerning St. Paul trial exhibit 2002. As to the balance of the motion, it is DENIED, without prejudice to specific objections to specific documents/evidence at trial.

**Atmel No. 11, to preclude St. Paul from introducing evidence or argument that the Seagate complaint did not raise the potential for covered damages under the St. Paul policy:** This motion is GRANTED exactly as framed: St. Paul may not argue that the *Seagate* complaint did not allege damages potentially covered by the commercial general liability and errors and omissions coverages in the St. Paul policy issued to Atmel. This ruling does not preclude St. Paul witnesses from explaining their actions subsequent to Atmel's tender of defense.

**Atmel No. 12, to exclude evidence of the Court's April 18, 2006 order:** This motion was submitted too late for defendant to have an opportunity to file an opposition. Ruling is DEFERRED until such time as a response is provided by St. Paul.

**St. Paul No. 1, to exclude evidence of the Fraud and Misrepresentation Clause:** DENIED. Appropriate limiting instructions will be given when/if they are submitted and necessary.

**St. Paul No. 2, to exclude evidence regarding California Insurance Code Section 650 or that rescission was "untimely":** The motion is GRANTED as to any mention of Section 650; the motion is DENIED as to evidence of the timing, timeliness or untimeliness of the rescission.

**St. Paul No. 3, to exclude evidence of settlement negotiations and mediations:** GRANTED to this extent: both Atmel and St. Paul are precluded from offering evidence of the content of settlement discussions between them or with the Seagate parties. This order does not preclude offering evidence of the fact that St. Paul was invited to attend settlement discussions in the Seagate matter, did attend such discussions and/or failed to make any payment or contribution to the Seagate settlement. See also Atmel No. 7.

**St. Paul No. 4, to exclude evidence of St. Paul's litigation conduct:** DENIED, without prejudice to specific objections to specific evidence at trial.

**St. Paul No. 5, to exclude evidence regarding St. Paul's nonrenewal:** DENIED as presented. The motion seeks an order that the parties may not ask "anything at all about St. Paul's

4

1 decision to non-renew the policy it issued to Atmel." That is overbroad. The Court has already ruled
2 that Atmel may not base a claim of bad faith on St. Paul's non-renewal of the policy. If and to the extent
3 that the nonrenewal is relevant to some other point, it may be referred to.

**St. Paul No. 6, to exclude expert testimony of Raphael Cotkin:** DENIED, without prejudice to specific objections at trial. No witness will be allowed to testify as to what the law is which the jury will apply at the end of the case; appropriate limiting instructions to that effect will be given as needed. However, where the parties' conduct involved their own evaluation of legal standards, or where industry standards are illuminated by various legal doctrines, witnesses may so testify. See also St. Paul No. 16.

**St. Paul No. 7, to exclude evidence of Atmel's requests for return of documents produced to St. Paul in October 2003:** DENIED. See also Atmel No. 3.

**St. Paul No. 8, to exclude all evidence of two other St. Paul insureds' red phosphorous claims:** DENIED.

**St. Paul No. 9, to exclude evidence of the Cirrus Logic coverage litigation:** GRANTED, FRE 403.

**St. Paul No. 10, to exclude all evidence of St. Paul's alleged loss ratio on technology insurance policies:** DENIED, without prejudice to specific objections to specific evidence at trial.

**St. Paul No. 11, to exclude evidence of two other lawsuits in which St. Paul raised rescission:** GRANTED.

**St. Paul No. 12, to exclude all evidence of insurance application forms other than those submitted by Atmel to St. Paul in December 2001:** DENIED as to any other St. Paul application forms. GRANTED as to any application forms from other companies.

**St. Paul No. 13, to exclude evidence of Royal's conduct in response to tender of the Seagate claim:** The motion seeks to exclude evidence of Royal's conduct in response to Atmel's tender of the Seagate claim, "other than that Royal paid for a portion of Atmel's defense costs in the Seagate action, and that Royal contributed money toward Atmel's settlement of the Seagate action." To this extent, the motion is GRANTED. See also Atmel No. 6.

**St. Paul's No. 14, to preclude the parties from introducing evidence or argument**

5

**that would require counsel to testify at trial:** DENIED as framed; the request is vague and unenforceable. However, the Court does not expect any trial counsel to testify at this trial.

**St. Paul No. 15, to exclude Atmel from offering testimony form its witnesses who were instructed not to answer at deposition:** DENIED without prejudice to specific objections to specific questions at trial. Witnesses will not be allowed to answer questions at trial which they were instructed not to answer during depositions.

**St. Paul No. 16, to exclude witness testimony on legal issues, including coverage and the duty to defend:** DENIED, without prejudice to specific objections at trial. No witness will be allowed to testify as to what the law is which the jury will apply at the end of the case; appropriate limiting instructions to that effect will be given as needed. However, where the parties' conduct involved their own evaluation of legal standards, or where industry standards are illuminated by various legal doctrines, witnesses may so testify. See also St. Paul No. 6.

**St. Paul No. 17, to exclude evidence of the Atmel securities litigation:** GRANTED, FRE 403.

**St. Paul motion to bifurcate trial and to try the rescission and misrepresentation and concealment claims before trial of the coverage and bad faith claims [Fed. R. Civ. P. 42(b)]:** DENIED.

**St. Paul's brief re Court determination of equitable claim for rescission based on factual findings of jury:** DEFERRED, to discuss at the time verdict forms are settled upon.

9. **Miscellaneous:** The parties shall provide one another 48 hours advance notice of the witnesses to be called. The parties shall provide one another copies of any demonstrative exhibits to be used during opening statement, closing argument or witness examination 48 hours in advance. Each party may have two corporate representatives at counsel table. Otherwise, witnesses are excluded from trial prior to their testimony.

St. Paul's motion for determination that there is no E & O coverage for the *Seagate* settlement, filed on April 24, 2006, shall not be considered by the Court. This motion, although filed pursuant to Rule 16, is essentially an untimely summary judgment motion that should have been filed according to

the pretrial schedule.

10. **<u>Settlement discussions:</u>** The parties shall arrange to mediate with a private mediator prior to trial. The parties shall agree upon a mediator, make arrangements for a mediation date and inform the Court of same by Friday, April 28, 2006.

**IT IS SO ORDERED.**

Dated: April 27, 2006

_____
SUSAN ILLSTON
United States District Judge